303 So.2d 50 (1974)
Jeanine E. FRIEDLY, Appellant,
v.
Glenn C. FRIEDLY, Appellee.
No. 73-762.
District Court of Appeal of Florida, Second District.
November 13, 1974.
*51 Stephen W. Sessums of Albritton & Sessums, Tampa, for appellant.
George W. Phillips, Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
Mrs. Friedly appeals from provisions of an order below which reduced, for the future, alimony payments payable to her by Mr. Friedly under an already reduced Connecticut decree, and which ordered that arrearages due under that decree would be payable only at the rate of $100 per month. We reverse as to both issues.
Appellant and appellee were divorced on June 23, 1965 in the State of Connecticut after a 19-year marriage. Pursuant to an agreement between the parties, the husband was ordered to pay Mrs. Friedly $257 per month as alimony. On June 16, 1967, the Connecticut court granted Mr. Friedly's motion for modification and reduced the alimony to $180 per month. This ruling followed a showing by Mr. Friedly that he had suffered a substantial reduction in income from the $15,400 per year he was earning in 1965. After the modification, however, Friedly moved to Florida, and prospered here; at the time of the hearing below, he was earning $20,000 a year in addition to the use of an automobile. Mrs. Friedly, on the other hand, had not sustained any substantial increase in the income from her employment at which she had worked since the divorce; her expenses had substantially increased; and she was in need of immediate medical care and surgery for which she could not pay.
Apparently, after Friedly moved to Florida he stopped making payments to his former wife upon his alimony obligation, and Mrs. Friedly, alleging her obvious need for those amounts, brought this action under F.S. §§ 88.361, 88.371 to confirm and establish the foreign support order. At the time of the hearing, Friedly was admittedly $7,290 in arrears of his alimony obligation. While it is true, as the appellee argues, that a Florida court may consider "equitable defenses" in enforcing or confirming a foreign award, there are simply no cognizable defenses presented in the record below.
Insofar as the modification as to future payments are concerned, it is obvious that the only basis for such a modification would be a cognizable "change of circumstances," either in the needs of the former wife or the ability of her ex-husband to pay. In this case, there has indeed been such a change in circumstances  but the change consists in an increase both of the husband's ability and of the wife's needs. Under these circumstances it is Alice-through-the-looking-glass to decrease the husband's obligations. Indeed, the only "change of circumstances" mentioned below or here which would justify the action which the trial judge took has been the enactment, since the Connecticut decree, of the Florida "no fault" divorce law, with its provisions for rehabilitative alimony. It is established, however, that the statute has no application to Florida (and, therefore, foreign) judgments which occurred before its enactment. Carmel v. Carmel, Fla. App. 1973, 282 So.2d 6, cert. den., Fla. 1973, 288 So.2d 257.[1] Thus, there is no basis whatever for the downward modification of the modified Connecticut alimony award.
*52 Nor is there any basis for the provision of the order below which failed to enter judgment against the husband for the full amount of the admitted arrearages and required only that he pay the amount in monthly installments of $100. Again, such a provision may be upheld if there is some equitable basis for so providing. In this case, all Friedly said was that it might be "financially embarrassing;" that is, he might have to dispose of some investments in order to satisfy a judgment for the full amount. Such a claim can hardly provide a justifiable reason, in equity or otherwise, for a refusal to require the payment of a just and admitted debt.
Reversed.
MANN, J. (Ret.), concurs.
HOBSON, A.C.J., dissents.
NOTES
[1] Even if the new law applied, it is highly doubtful whether rehabilitative or even permanent alimony for any reduced amount could have been sustained under the circumstances of this case and of the relationship of the parties. E.g., Schwartz v. Schwartz, Fla. App. 1974, 297 So.2d 117, and cases cited.