JOAN BARRETT PITTSINGER GRINOLD *v.*
RAYMOND WADE GRINOLD

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 144160

Memorandum filed November 28, 1975

*Jerome M. Griner,* for the plaintiff.

*Joseph N. Perelmutter,* for the defendant.

DEAN, J.   There was a time when alimony was considered as the penalty to be paid by the husband for the abandonment of his spouse. *Driskill* v. *Driskill,* 181 S.W.2d 1001 (Mo. App.).   Courts not infrequently viewed alimony as compensation to the wife for breach by the husband of his marital obli-

gations, "an assessment of damages in favor of the wife for breach of the marriage contract." Id., 1004. See also *Dayton* v. *Dayton,* 290 Ky. 418; *Nelson* v. *Nelson,* 282 Mo. 412; *Pinion* v. *Pinion,* 92 Utah 255.

Connecticut's modernized statute governing the award of alimony has in effect repealed the common-law obligation of the husband to furnish support to his wife. Although fault may be considered in an award, it is no longer a major factor. Support orders may now be directed to either spouse irrespective of sex. General Statutes § 46-52. The enlightened view of alimony is to characterize it as support for the party who may be at a disadvantage at the time of the divorce. That support is to continue no longer than the period of time necessary to permit socio-economic readjustment and rehabilitation.

Our state legislature, having re-examined the philosophy behind the traditional alimony award system, determined that the recent social, political, economic, and professional emancipation of women mandated a fundamental alteration of the law. Because women now enjoy equal access to the economy's employment opportunities, it concluded that they are no longer per se entitled to a perpetual state of assured income or, as some would characterize it, assured indolence. The neutral principle of circumstantial necessity has replaced the anachronistic view which held alimony to be an automatic, vested right of the divorced wife.

In the present case the parties have been divorced for nine years, and the youngest child is eighteen years of age. The wife has been working for some eight years and presently earns $140 per week. If alimony in this case was imposed partially as a penalty, that time has long since been served.

The court now looks at the present circumstances and finds the wife has substantially rehabilitated herself from the effects of the divorce.

The court orders the alimony reduced to $50 per week and orders the alimony to be terminated three years from the date of the majority of the youngest child of the marriage.