JEANINE E. FRIEDLY *v.* GLENN C. FRIEDLY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 8, 1977—decision released February 21, 1978

*Howard C. Kaplan,* for the appellant (plaintiff).

*William F. Gallagher,* for the appellee (defendant).

PER CURIAM. This appeal was taken from a judgment of the Superior Court which modified a prior judgment of that court by reducing the award of alimony to the plaintiff. The original award of alimony was contained in a 1965 divorce decree granted on the plaintiff's petition. That award was in the amount of $257 a month. In June, 1967, that judgment was modified to reduce the alimony payments to $180 a month, and was again modified in 1976 by the judgment from which this appeal was taken, which judgment further reduced the award to $150 a month. In its finding concerning the reduction, the trial court concluded that there was a change in the circumstances of the parties which justified the modification in that the plaintiff "now has or will have $7,000.00 for her benefit."

A modification of an order for the payment of alimony or support is permitted only where there has been a showing that there has been a substantial change in the circumstances of either party and that these changed circumstances requiring modification were not contemplated by the parties at the time of the entry of the original decree and have arisen subsequent to the entry of that decree. General Statutes § 46-54; *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172; *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202; 2A Nelson, Divorce and Annulment (2d Ed.) § 17.07.

In support of its finding, the court took judicial notice of the facts and decision in the Florida case of *Friedly* v. *Friedly,* 303 So. 2d 50 (Fla. App.). It appears that after the 1967 modification of the decree, the defendant moved to Florida and for a long time made no alimony payments whatsoever. The plaintiff finally instituted an action in Florida to enforce the decree of the Superior Court and obtain payment of the arrears which at that time amounted to $7290, covering a period of almost three-and-one-half years. In those proceedings, the defendant sought a downward modification of the award and was successful in the trial court. On the appeal, however, that decision was reversed. In its opinion, the District Court of Appeal of Florida, Second District, observed: "In this case, there has indeed been such a change in circumstances —but the change consists in an increase both of the husband's ability and of the wife's needs. Under these circumstances it is Alice-through-the-looking-glass to decrease the husband's obligations." Id., 51. That court concluded that "there is no basis whatever for the downward modification of the modified Connecticut alimony award"; ibid.; and further that

there was no basis for the provision of the trial court's order which failed to render judgment against the husband for the full amount of the admitted arrearages of $7290, and that the husband's claims that he might have to dispose of some investments in order to satisfy a judgment for the amount of the arrears "can hardly provide a justifiable reason, in equity or otherwise, for a refusal to require the payment of a just and admitted debt." Id., 52.

It was subsequent to that Florida judgment and even before it was satisfied that the defendant returned to Connecticut and filed the present motion to modify further the alimony award of the Superior Court. His motion was predicated upon the opinion of the trial court in *Grinold* v. *Grinold,* 32 Conn. Sup. 225, 348 A.2d 32, from which opinion (p. 226) his motion quoted the theory that support by way of alimony "is to continue no longer than the period of time necessary to permit socioeconomic readjustment and rehabilitation" of the spouse "who may be at a disadvantage at the time of the divorce." That theory was expressly rejected by this court on the appeal taken in the *Grinold* case. In *Grinold* v. *Grinold,* supra, 195, we noted that "[t]his novel and elusive concept is not to be found in either the statutory provision concerning modification or the one establishing standards for granting alimony orders; General Statutes §§ 46-54, 46-52; nor has this court previously resorted to it. Such a vague, conclusory standard for modification cannot take the place of the established requirement that there be a clear and definite showing of individual facts and circumstances which have substantially changed." Id., 195.

In its finding filed on this appeal, the trial court reached two conclusions. The first was that "[t]he change of circumstance between the parties appears to be that the plaintiff now has or will have $7,000.00 for her benefit." The second was "[t]he modification is justified because it will not result in a decrease to the plaintiff of any money if she invests said $7,000.00 at the small interest rate of 5%."

In short, the trial court concluded that since it appeared that the defendant would be required to satisfy the Florida judgment and at last pay to the plaintiff the $7000 accrued arrears of alimony of which he had so long deprived her, that payment would constitute such a substantial change in circumstances as to justify a modification of the defendant's current alimony obligation.

With such reasoning we cannot agree. It is neither logical nor equitable, and we must conclude that the trial court abused its discretion in ordering the modification.

There is error, the judgment of modification is set aside and the case is remanded to be proceeded with according to law.