CHARLENE CUMMOCK *v.* DAVID CUMMOCK

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 8—decision released April 1, 1980

*David M. Reilly, Jr.,* for the appellant (plaintiff).

*J. Patrick Dwyer,* with whom, on the brief, was *Thomas P. Sheridan,* for the appellee (defendant).

PETERS, J. The sole issue on this appeal is whether a motion for modification of an order for permanent alimony was properly denied. The plaintiff, Charlene Cummock, moved for modification of alimony for two reasons: (1) loss of support payments when her two daughters went to live with their father, the defendant David Cummock, and (2) diminution in her earnings. After a full hearing the trial court, *Higgins, J.,* denied the motion for modification and this appeal was taken by the plaintiff.

The underlying facts are not in dispute. The plaintiff and the defendant were divorced in 1976, at which time custody of the two minor daughters was awarded to the plaintiff. The divorce decree contained various provisions for alimony, support, and assignment of property. It stated, furthermore, that "it is agreed that . . . when the Defendant takes and has the children with him for six (6) consecutive days inclusive, he will be allowed a per diem reduction in the monthly support for the child or children with him during that period of time." First the older daughter and now the younger one have come to live with the defendant, their father,

and the decree has accordingly been modified with regard to their custody. Correlatively the previous orders of support have been revoked, so that the defendant, now the custodial parent, is no longer obligated for support payments to the plaintiff.

The trial court denied the two parts of the motion for modification of alimony on two different grounds. To the extent that the plaintiff mother claimed that a change in her earnings warranted a change in the alimony order, the court found that the financial affidavit and the other factual evidence produced at the hearing did not support this contention. That conclusion is not at issue on this appeal. With respect to the plaintiff's other claim, that loss of support payments constituted a change of circumstances, the court found that change in custody and the consequent loss of support could not, as a matter of law, constitute a material change of circumstances. This conclusion is the principal issue before us. The court was asked, at trial, to permit amendment of the motion for modification, to allow a change in the defendant's financial circumstances to be a ground for altering the alimony award. The court refused to do so, for the reason that the defendant had not been given fair notice that such an issue would be raised. This ruling also is claimed to have been erroneous.

The established rules that govern motions for modification of alimony are not in dispute. Modification requires the moving party to show a substantial change of circumstances. "The court must be satisfied that the changed circumstances requiring a modification were not contemplated by the parties at the time of the entry of the decree, that they are substantial, and that they arose subsequent to the

entry of the original decree." *Swayze* v. *Swayze,* 176 Conn. 323, 337, 408 A.2d 1 (1978); *Friedly* v. *Friedly,* 174 Conn. 279, 280, 386 A.2d 236 (1978); *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); see General Statutes § 46b-86 (formerly § 46-54). The trial court's findings are reviewed by this court to determine whether there was a reasonable basis for its conclusions. *Corbin* v. *Corbin,* 179 Conn. 622, 427 A.2d 432 (1980); *Swayze* v. *Swayze,* supra, 337. In these matters, as in other questions arising out of marital disputes, this court relies heavily on the exercise of sound discretion by the trial court. See, e.g., *Corbin* v. *Corbin,* supra, 622; *Fucci* v. *Fucci,* 179 Conn. 174, 180–81, 425 A.2d 592 (1979); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 262–63, 413 A.2d 854 (1979).

In this case, however, the trial court's conclusion to deny modification was based not on an exercise of discretion but on a purported principle of law. The court decided that there was no legal precedent for permitting loss of support payments to be considered a material change of circumstances and therefore refused to determine whether there was a factual basis for the mother's motion for modification of alimony. While it is true that this court has never expressly ruled on the relationship between support and alimony payments, we have repeatedly noted that a broad range of circumstances is relevant in deciding whether a decree of alimony may be modified. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 264, 413 A.2d 854 (1979); *Sanchione* v. *Sanchione,* 173 Conn. 397, 401–402, 378 A.2d 522 (1977). See 2A Nelson, Divorce and Annulment § 17.01 (1961). The same criteria that determine an initial award of alimony are relevant to the question of modification, and these require the

court to consider, without limitation, the needs and financial resources of each of the parties, as well as such factors as health, age and station in life. General Statutes § 46b-82 (formerly § 46-52). Without in any way prejudging what decision the trial court should have reached upon a factual determination of the relevant circumstances, we find the court to have been in error in refusing a modification as a matter of law.

The defendant father urges that modification, if not precluded by the presumptive independence of support and alimony payments, is nonetheless in this case inappropriate because of the specific terms of the divorce decree. The father argues that the decree's provision for abatement of support when the children are in his custody as their father conclusively establishes that abrogation of support payments was contemplated at the time of the divorce and hence cannot qualify as a change of circumstances. This ground was not relied upon by the trial court. We are not persuaded that the language of the decree is so unambiguous, that it so clearly contemplates total abrogation rather than partial diminution of support, that its effect should be determined by this court as a matter of law. What meaning each of the parties attached to this language, and whether there was any basis for misunderstanding of its meaning, are questions to be resolved upon a further hearing below. Cf. *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 132, 429 A.2d 837 (1980); *Monroe* v. *Monroe*, 177 Conn. 173, 182–83, 413 A.2d 819, appeal dismissed, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Although our legislation, General Statutes § 46b-86, permits a divorce decree to preclude modification of periodic alimony, such an interpretation is not

favored, and ambiguous orders of periodic alimony are treated as modifiable. *Scoville v. Scoville,* 179 Conn. 277, 280, 426 A.2d 271 (1979); *Sanchione v. Sanchione,* 173 Conn. 397, 404, 378 A.2d 522 (1977).

The trial court should therefore have reached and decided the question whether the plaintiff mother's loss of support payments and any resultant reduction in financial contributions to her household were a sufficiently substantial change of circumstances, in the light of whatever factual evidence the plaintiff might offer, to warrant modification of the alimony order. Since a new hearing is required, it is not necessary for us to rule on the trial court's refusal to permit a last-minute amendment of the grounds of the mother's motion, except to note that the propriety of such amendments is ordinarily discretionary with the trial court. *Wesson v. F. M. Heritage Co.,* 174 Conn. 236, 239, 386 A.2d 217 (1978); *Phaneuf v. Commissioner of Motor Vehicles,* 166 Conn. 449, 454, 352 A.2d 291 (1974); *Robinson v. Faulkner,* 163 Conn. 365, 376, 306 A.2d 857 (1972).

There is error, and the case is remanded for proceedings consistent with this opinion.

In this opinion the other judges concurred.