MILTON H. MOORE *v.* EVELYN T. MOORE

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued June 11—decision released July 20, 1982

*Sue L. Wise,* for the appellant (defendant).

*J. H. Sylvester,* with whom were *Dominick J. Thomas, Jr.,* and, on the brief, *David B. Cohen,* for the appellee (plaintiff).

PER CURIAM. The parties were divorced on July 10, 1968. By agreement of the parties and in accordance with the judgment the plaintiff was ordered to pay the defendant $35 per week as alimony. In June, 1980, the defendant filed a motion for contempt because the plaintiff stopped paying alimony in 1972. In response, the plaintiff filed a

motion for retroactive modification of alimony on the grounds that the cessation of alimony payments had occurred with the acquiescence of the defendant and that there had been a substantial change in the defendant's financial circumstances since the issuance of the original order. The trial court found an arrearage of $14,560 as of April 1, 1980, adjudged the plaintiff to be in contempt, and ordered him to pay the arrearage at the rate of $5 per week. It further reduced the alimony order from $35 to $25 per week effective June 24, 1980. In her appeal the defendant claims that the payment order on the arrearage amounted in substance to a retroactive modification of the alimony order and that the prospective modification of alimony represented an abuse of discretion. We disagree in both respects.

Since the trial court found the arrearage and adjudged the plaintiff in contempt, neither of which the defendant challenges, the only remaining question is the nature of the penalty. What the appropriate penalty should be rests in the sound discretion of the court. In exercising that discretion the court may take into account not only the financial circumstances of the contemner but also the fact that the cessation of payments occurred with the acquiescence of the other party. The court also has discretion respecting the manner in which the arrearage shall be paid. This would not preclude the court, at any time, if the plaintiff's financial circumstances were to change, from making appropriate adjustments in the amount and manner of payment. The fact that hypothetically the court's installment order appears to stretch out the arrearage into the distant future does not convert a prospective order into a retroactive modification.

Nor did the court abuse its discretion in reducing alimony by $10 per week. In 1968 the defendant had assets of $18,500 and no liabilities; she had a weekly income of $76.60 and expenses of $103.50. By 1980 her assets had increased to $77,250 without any liabilities and her income had increased to $193.57 against expenses of $167.46. In contrast, the plaintiff went from a position of a modest asset surplus in 1968 to a substantial deficit position in 1980 while, at the same time, without including any amount for payment of alimony, his income and expenses just about balanced. Under these circumstances we cannot hold that the trial court could not conclude as it did. *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980).

There is no error.