CHARLENE CUMMOCK *v.* DAVID CUMMOCK

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued June 10—decision released August 10, 1982

*David M. Reilly,* for the appellant (plaintiff).

*J. Patrick Dwyer,* for the appellee (defendant).

PER CURIAM. The principal issue presented by this appeal concerns the propriety of the judgment of the trial court denying the plaintiff's motion for modification of permanent alimony.

The underlying facts are not in dispute. The marriage of the plaintiff, Charlene Cummock, and the defendant, David Cummock, was dissolved in 1976, at which time custody of their two minor daughters was awarded to the plaintiff. The dissolution decree awarded permanent alimony to the plaintiff in the amount of $350 per month, as well as child support of $200 per month for each minor child.[1] In addition, the decree stipulated that "when the Defendant takes and has the children with him for six (6) consecutive days inclusive, he will be allowed a per diem reduction in the monthly support for the child or children with him during that period of time." By court order dated April 21, 1978, custody of the older daughter was awarded to the defendant, and corresponding support payments were terminated. Thereafter, custody of the younger daughter was awarded to the defendant by court order dated December 11, 1978, thereby terminating all support payments by the defendant to the plaintiff. The older and younger daughters attained the age of majority in January, 1981 and February, 1982, respectively.

On September 8, 1978 the plaintiff filed the present motion to modify alimony, alleging, inter alia, that discontinuance of support payments by the

[1] The decree also (1) divided the proceeds of a joint savings account as follows: $16,265 to the plaintiff, $4000 to the defendant; (2) required the defendant to set up a trust funded by life insurance for the children's benefit until the youngest reached age 18; and (3) required the defendant to pay the plaintiff's miscellaneous bills and attorney's fees totaling $2570.

defendant constituted an uncontemplated substantial change in circumstances sufficient to modify the decree.[2] In December, 1978 the trial court denied the motion, finding as a matter of law that the loss of support payments could not constitute a substantial change in circumstances. On the appeal to this court from that denial, we held that the loss of support payments is, when applicable, one of many relevant factors to be considered in deciding whether a modification of alimony is justified, and, therefore, "[w]ithout in any way prejudging what decision the trial court should have reached upon a factual determination of the relevant circumstances, we [held] the court to have been in error in refusing a modification as a matter of law." *Cummock* v. *Cummock*, 180 Conn. 218, 222, 429 A.2d 474 (1980). Our remand of the case resulted in a second hearing and the present appeal.

The trial court reasonably could have found the following facts from the evidence introduced at the hearing. Since 1967 the defendant has been employed as a commercial airline pilot. His weekly net income has increased from $689 in 1976 to $929 in 1978 and $1297.15 in 1981.[3] During the same period, his weekly expenses have consistently remained higher than his income, growing from

[2] As additional grounds for modification the motion states that the plaintiff expected to lose her job. This expected event never occurred, and was not an issue at the 1981 hearing.

[3] Not included in the defendant's weekly income in his 1981 financial affidavit is the value of interest and dividends received from certain investments, in which the defendant claimed a one-half interest, totaling $19,375. Employing an 8 percent interest rate, the plaintiff calculates the defendant's weekly income from this property to be $40.25. The trial court found that the defendant "had additional income of an undetermined amount paid into a stock management fund used for investment by defendant and his second wife."

$694.50 to $1052 to $1381.15 in the subsequent years. From 1976 to 1981, his net equity grew from approximately a minus $37,000 to a plus $103,585.[4] The defendant's explanation for this increase in assets, while his expenses consistently have exceeded his income, includes the excellent income of his present wife, inheritance and good investments.

The plaintiff was unemployed during the marriage of the parties and at the time of the dissolution in 1976. Since that time she has worked steadily, and in January, 1981 grossed $130 per week. Together with alimony, her net weekly income was $192.13. Her weekly expenses totaled $242.25, while her net equity was a minus $5594.88.

The trial court found that at the time of the original award of alimony the parties contemplated that the plaintiff would become employed and that the mother and daughters would reside together in one household. That court also found that the parties contemplated that both custody and child support might terminate, as evidenced by the decree provision abating support in the event of a child's absence from the plaintiff's house for more than

---

[4] In computing his total assets in 1981, the defendant took only a one-half interest in all property; the other half was allegedly owned by his second wife. Under this formula, the defendant claimed his net equity as $61,350. Nevertheless, the defendant included 100 percent of all household expenses to calculate his weekly expenses, as well as 100 percent of the joint liabilities to calculate his total liability. The trial court noted this discrepancy and hence found the defendant's assets to be between $61,350 and $122,700, "depending on the value placed on the claimed equitable interest of his second wife" and his net worth, after deducting total liabilities, to be between $42,225 and $103,585.

six days.[5] Although finding a substantial increase in the defendant's ability to pay alimony, the court denied the plaintiff's motion to modify after considering all the circumstances.[6] In her appeal from the judgment denying alimony modification, the plaintiff asserts error through a variety of arguments, each essentially contending that an unforeseen substantial change in circumstances occurred as a matter of law.[7] We disagree.

It is well settled in this jurisdiction that as a prerequisite to alimony modification the moving party must show a substantial change in circumstances of either party which was not foreseen at the time of entry of the dissolution decree and which

[5] The plaintiff claims that this court rejected the present trial court's interpretation of the abatement provision in *Cummock* v. *Cummock*, 180 Conn. 218, 429 A.2d 474 (1980). The plaintiff's assertion is without merit. This court does not find facts and we expressly did not attach any particular significance to the disputed language as a matter of law. To the contrary, we noted in *Cummock* that the trial court did not rely upon that provision and we remanded for a determination of that factual issue.

[6] The trial court also denied the plaintiff's motion for counsel fees and the defendant's motion for support. Neither party has sought this court's review of those actions.

[7] The plaintiff also claims error in the court's subordinate finding that the burden of inflation has a more adverse effect on the defendant than on the plaintiff. This finding is reasonable and not clearly erroneous and, in any event, did not appear to have altered the court's finding that the defendant's ability to pay alimony had substantially increased despite inflation.

Finally, the plaintiff claims error in the trial court's denial of her motion to compel refiling of the defendant's financial affidavits, which alleged that the defendant had failed to include interest and dividend income, and had failed to represent accurately the financial circumstances of his present household. Although the court denied the plaintiff's motion, it did note the omissions and possible discrepancies in the defendant's affidavit in its memorandum of decision and considered the conflicting scenarios presented by the defendant and the plaintiff. Accordingly, the trial court did not abuse its discretion in denying the motion.

arose subsequent to entry of the original decree. E.g., *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982); *McGuinness* v. *McGuinness,* 185 Conn. 7, 9, 440 A.2d 804 (1981); *Cummock* v. *Cummock,* supra, 220–21; *Friedly* v. *Friedly,* 174 Conn. 279, 280, 386 A.2d 236 (1978); see General Statutes § 46b-86 (a). Determination of the propriety of an alimony modification request requires that the trial court consider many of the same circumstances relevant to an original award; *Noce* v. *Noce,* 181 Conn. 145, 149–50, 434 A.2d 345 (1980); *Cummock* v. *Cummock,* supra, 221–22; including "the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ." General Statutes § 46b-82; *McGuinness* v. *McGuinness,* supra, 11n.; *Noce* v. *Noce,* supra.

In an appeal from a modification of alimony, every reasonable presumption will be made in favor of the correctness of the trial court's exercise of discretion. E.g., *McGuinness* v. *McGuinness,* supra, 13. Because of the trial court's advantageous position to assess the credibility factors significant to its determination, its decision will not be disturbed unless it acted illegally or unreasonably. E.g., *Moore* v. *Moore,* 187 Conn. 589, 447 A.2d 733 (1982); *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982). This case does not present one of those exceedingly rare situations in which we find an abuse of discretion.

There is no error.