[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR MODIFICATION OF JUDGMENT (#109)
This matter went to final judgment on June 30, 1988 on an agreement of the parties which the court accepted. Periodic alimony of $400 per month for a period of five years, to be reduced to $250 monthly thereafter, was ordered. It was made modifiable as follows:
 "AND, that said periodic alimony shall be modifiable if the Plaintiff Wife becomes disabled and is unable to work at the same level she is currently working or there is a substantial increase in expenses incurred by the Plaintiff Wife for medical bills or medical insurance; provided, however, that any such modification is limited to a maximum of One Hundred Fifty ($150.00) Dollars per week for the first two (2) years following the date of dissolution; Two Hundred Fifty ($250.00) Dollars per week for the third and fourth years following the date of dissolution and Three Hundred ($300.00) Dollars per week thereafter;"
CT Page 2040
The plaintiff has become disabled, (Defendant's Exhibit #1). The court finds that she is unable to work at the same level as she was at the time of the decree. This provision and proof allows the court to consider plaintiff's request for a modification of her alimony amount.
In doing so, however, the court must consider many of the same circumstances relevant to an original award of alimony, Cummock v. Cummock, 188 Conn. 30, 35.
The plaintiff's financial affidavit dated June 30, 1988 listed net wages of $351. If the alimony awarded at that time by agreement is added, the total disposable income of plaintiff became $443 weekly. Including the alimony, she now lists total net income of $372 from a combination of alimony, social security disability and disability insurance.
The plaintiff is unable to operate an auto without hand controls which she cannot afford to install. The plaintiff is unable to pay the monthly installment due on her mother's mortgage and has not paid it since August, 1989. In summary, the plaintiff's needs have increased while her income has deceased.
The defendant is ordered to pay to the plaintiff the sum of $200 weekly alimony, effective April 1, 1991. A wage withholding is ordered per Section 52-362, Connecticut General Statutes.
HARRIGAN, J.