Whether the court should grant the defendant's motion for summary judgment because the defendant has shown that there are no genuine issues of material fact and because the defendant is entitled to judgment as a matter of law.
FACTS
The plaintiff, Michael Robinson, has alleged in his amended complaint, #122, that he was employed by the defendant, Southern New England Telephone Company ("SNET"), between 1969 and 1988. He alleges that SNET violated General Statutes Sec. 31-51q[1] in that SNET fired him because he intended to provide information to the news media regarding the practice of racism at SNET.
SNET now moves for summary judgment. The pleadings are closed. Both parties have filed memoranda of law. SNET has appended appropriate documentation to its memorandum.
DISCUSSION
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 189, 596 A.2d 288 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non moving party." Id., 246-47 (citations omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984) (citation omitted).
SNET argues, inter alia, that the plaintiff's claim is barred by CT Page 4728 collateral estoppel because all claims raised in the plaintiff's amended complaint were litigated and determined in an arbitration proceeding.
 "When an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the same parties, whether on the same or a different claim." Restatement (Second) Judgments Sec. 27; see Scott v. Scott, 190 Conn. 784, 787, 462 A.2d 1054 (1983).
Saporoso v. Aetna Life Casualty Co., 221 Conn. 356, 367, — A.2d — (1992).
A review of the material appended to SNET's memorandum reveals that the issue of the plaintiff's dismissal resulting from the plaintiff's exercise of his constitutional rights to free speech was fully and fairly litigated and determined by the arbitration panel. (Arbitration Decision, pp. 14, 17; Transcript of Arbitration Proceeding, pp. 426-28, 591-92; Union's Brief, pp. 17-18.) Indeed, the plaintiff's memorandum in opposition to SNET's motion for summary judgment indicates that the present action is the same as the grievance heard by the arbitration panel. (Plaintiff's Memorandum, pp. 5, 18.) Furthermore, the plaintiff was represented by an attorney at the hearing before the arbitration panel. (Deposition of Plaintiff, p. 81). The same parties are before the court now as were before the arbitration panel.
The plaintiff argues that the issues of fact and law determined by the arbitration panel are not entitled to preclusive effect because the arbitration decision does not constitute a judgment. The plaintiff notes that SNET did not timely move to confirm the arbitration decision and argues that an arbitration decision is entitled to the status of a judgment only if it is confirmed by the court. See General Statutes Sections 52-417 and 52-421.
This argument is unpersuasive. The court in Corey v. Avco-Lycoming Division, 163 Conn. 309, 318, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1115, 93 S.Ct. 903, 34 L.Ed.2d 699
(1973), held that "[n]o satisfactory reason can be assigned why an arbitration award, which the parties have expressly stipulated should be final as to the subject submitted, should not be as conclusive as a court rendered judgment." Although the arbitration award in Corey had been confirmed by the court, id., 316, the court's decision did not rest on this fact. Thus, an arbitration award, confirmed or not, has preclusive effect regarding issues of law and fact litigated before and determined by an arbitration panel. See also Convalescent Center of Bloomfield, Inc. v. Department of Income Maintenance, 208 Conn. 187, 198,544 A.2d 604 (1988); New Haven Board of Education v. State Board CT Page 4729 of Mediation and Arbitration, 1 CSCR 376, 377 (May 30, 1986, Fracasse, J.) ("It appears . . . that application of the Judicial doctrine of res judicata . . . is consistent with the purposes of that doctrine and consistent with the social policies of arbitration of labor grievances.")
The plaintiff also argues that because the arbitration proceeding is limited in scope, a subsequent suit raising substantive or statutory rights is not barred. This argument also misses the mark because SNET has invoked the doctrine of collateral estoppel, or issue preclusion, rather than the doctrine of res judicata which would bar a subsequent action entirely. Corey v. Avco-Lycoming Division, supra, 316-18. SNET is not attempting to bar the plaintiff's cause of action outright, rather SNET is attempting to demonstrate that a particular issue has been fully and fairly litigated and, therefore, the arbitration panel's determination on that issue is preclusive in this action.
The requirements of collateral estoppel have been met here regarding the plaintiff's claim that his dismissal was in violation of General Statutes Sec. 31-51q.
CONCLUSION
The court grants the defendant's motion for summary judgment because the defendant has shown that there are no genuine issues of material fact regarding the plaintiff's claim that his dismissal was in violation of General Statutes Sec. 31-51q and because the defendant is entitled to judgment as a matter of law.