[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON DEFENDANT'S MOTIONS
Defendant presses his motions dated September 19, 1993: to Reopen and Correct Judgment; to Reform Separation Agreement; and, for Modifications.
The court denies defendant's motions to Reopen and Correct Judgment; as well as the motion to Reform the Separation Agreement.
The court grants the motion for Modification CT Page 6142
Practice Book § 326 governs the setting aside or opening of most judgments. It provides in relevant part:
 [E]xcept in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered by the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed.
Practice Book § 326.
 A.
The current action, which seeks to modify an award of periodic alimony payments, is a matter over which the Superior Court has continuing jurisdiction. Croke v. Croke, 4 Conn. App. 663,664-65 (1985). Accordingly, the four month filing requirement is not applicable. Rather, this action is governed by General Statutes § 46b-86, which provides in subsection (a) as follows: "Unless and to the extent that the decree precludesmodification, any final order for the periodic payment of alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a substantial change in the circumstances of either party. . . ." (Emphasis added.) General Statutes § 46b-86.
In the present case, the judgment entered by the court (Reicher, J.) on January 7, 1993, provided that "the defendant-husband shall pay to the wife as alimony the sum of Two Hundred Seventy One ($271.00) Dollars per month, which shall benon-modifiable as to amount." (Emphasis added.)
Thus, the express statutory language of § 46b-86(a), coupled with, the express language of the judgment of dissolution, precludes modification of the amount of periodic alimony payable by this defendant. However, the judgment is silent as to the duration of the required periodic alimony payments. Therefore, this court maintains jurisdiction to modify the durational aspect of the periodic alimony based on "a substantial change in the circumstances" of the wife. Language in divorce decrees which precludes modification of periodic alimony is not favored, and ambiguous orders of periodic alimony are treated as modifiable. Cummock v. Cummock, 180 Conn. 218, 222-23
CT Page 6143 (1980), appeal after remand 188 Conn. 30 (1982).
 B.
The defendant as an alternative basis for this court to modify the earlier judgment argues that "[t]hrough a draftsman's error, the intent [of the parties] was not clearly expressed in the separation agreement nor was it expressed clearly in the judgment." The defendant claims that the award of alimony was based on the need for the wife to have medical insurance under COBRA and that since she is presently employed and receives medical insurance coverage, she has no need for either COBRA or the alimony.
"It is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened after the four month limitation . . . if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the absence of consent, or because of mutual mistake." (Citations omitted.)Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466 (1981), quoting Kenworthy v. Kenworthy, 180 Conn. 129, 131 (1980).
In the present case, the defendant argues that the draftsman's error constitutes such a mutual mistake and that, therefore, the judgment should be opened and modified to accurately reflect the true intent of the parties. This claim requires the application of basic principles of contract law and, if this argument is accepted, reformation of the judgment is proper.
"A mutual mistake is one that is common to both parties and effects a result that neither intended. Lopinto v.Haines, 185 Conn. 527, 532 (1981). Whether there has been such a mistake is a question of fact." Inlands Wetlands WatercoursesAgency v. Landmark Investment Group, Inc., 218 Conn. 703,708 (1991). "Relief by way of reformation in the case of a scrivener's error . . . will be allowed only where the scrivener has failed to express the intention of the parties in the contract; such corrections are not allowed otherwise." GreenwichContracting Co. v. Bonwit Const. Co., 156 Conn. 123, 130
(1968).
Applying the aforementioned standards, this court CT Page 6144 must determine whether the defendant has met his burden of proving that a scrivener's error led to a judgment being entered that did not reflect the true intent of the parties.
 [I]t must be established that both parties agreed to something different from what is expressed in writing, and the proof on this point should be clear so as to leave no room for doubt. . . . If the right to reformation is grounded solely on mistake, it is required that the mistake be mutual, and to prevail in such a case, it must appear that the writing, as reformed, will express what was understood and agreed to by both parties.
(Citations omitted.) Id., 127.
The court finds that the agreement of the parties was developed during a two day period as a part of a pre-trial hearing before Judge Reicher. Further, in accepting the agreement, Judge Reicher, explained the terms of the agreement to both parties. Both parties were represented by counsel throughout these proceedings we well as having interpreters at these proceedings.
Thus, the judgment entered by Judge Reicher reflected the true intent of the parties at the time it was entered.
With regard to the defendant's motion to modify, the court finds that there is a substantial change in the financial and employment situation of the parties. The alimony payments ordered by Judge Reicher directly relate to the plaintiff's need for medical insurance coverage. She had such coverage through her place of employment. This coverage terminated when she was laid-off from that employment. She anticipated returning to employment but needed medical insurance until reemployment and reinstatement of medical coverage. This need of the plaintiff was provided for in the judgment by the granting of alimony in the exact amount of the medical insurance premium needed to provide the plaintiff with coverage through the defendant's carrier.
The plaintiff has returned to employment and has medical insurance coverage through that employment. Therefore, the court CT Page 6145 finds; that, the plaintiff has income upon becoming re-employed; and, also has medical insurance coverage through her employment, resulting in a substantial change in her situation and needs.
Therefore, the defendant's Motion for Modifying (Count 2) dated September 19, 1993, is granted. The alimony is modified to zero dollars as of September 19, 1993. Judgment may enter as set out above.