[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: PLAINTIFF'S MOTION TO MODIFY ALIMONY(#121) DEFENDANT'S MOTION FOR COUNSEL FEES (#124 128)DEFENDANT'S MOTION TO MODIFY ALIMONY AND CHILD SUPPORT (#129)AND PLAINTIFF'S MOTION TO MODIFY ALIMONY AND CHILD SUPPORT (#131)
The parties' marriage was dissolved by judgment entered March CT Page 12481-LL 22, 1990 at which time the plaintiff was ordered to pay $420.00 weekly for the support of the parties' three children. The court ordered $80.00 weekly for thirty-six months, with a review after 36 months to evaluate her health and employment situation
 ". . . with the intention that it be reduced." (114) (Transcript p. 5).
a second review was ordered when the youngest child is emancipated.
 . . . any alimony orders in effect at that time, should then be reviewed again with the intentions that at that point they should cease." (Id. p. 5).
The court found that the defendant had an earning capacity of approximately $30,000.00 but physical impairments may hamper her from attaining that capacity.
The two older children are now 23 and 18 respectively. The youngest, Shawn M., was born May 22, 1980.
On January 28, 1991 the court modified the judgment by approving the parties' written stipulation dated November 18, 1990 wherein they agreed to modify the child support as of July 1, 1991 to $410.00 weekly, there to remain until June 30, 1995. The CT Page 12481-MM plaintiff was allowed to claim the exemption for Shawn through this year. The stipulation provided that, failing agreement on the amount of child support to be paid on and after July 1, 1995, the issue would be referred to the court. Finally, the stipulation stated:
 "4. In all other respects, the Judgment of the Dissolution dated March 22, 1990 shall remain the same." (120) (Stipulation).
By motion dated March 15, 1993 and filed on March 29, 1993, the plaintiff moved to modify the alimony, giving two grounds. The motion cites the 36 month review and that the defendant is no longer self-employed but is employed by the YMCA in Norwalk.
The defendant's motion for modification dated May 8, 1995 and filed the next day alleges the change of circumstances are the reduced child support due for one child thereby decreasing the amount of monies received by the defendant.
The plaintiff's most recent motion dated June 21, 1995 seeks a reduction or termination of alimony effective on date of filing which was June 12, 1995, and fixing child support pursuant to the guidelines. CT Page 12481-NN
I. Child Support
The plaintiff's present net disposable weekly wage is $958.65 after adding back $15.00 deducted for credit union. The defendant's present net disposable weekly wage is $462.46 as shown on her financial affidavit. Their combined income is $1,421.00 weekly. Applying the guidelines, the combined support is $281.00. The plaintiff's share is 67% or $187.00 weekly.
The defendant seeks a deviation based on private school expenses, since the boy attends Trinity Catholic High School costing several thousand dollars annually. Deviation from the guideline amount must be based on a deviation criterion "(F), extraordinary education expenses". The defendant has failed to demonstrate a special need not met by public school, Hardisty v.Hardisty, 183 Conn. 253.
The plaintiff is ordered to pay $187.00 weekly child support, effective July 1, 1995. A contingent wage withholding order is entered. Payments are to be made directly to the defendant.
11. Alimony
The plaintiff was a policeman for the City of Norwalk in the CT Page 12481-OO same rank as he still holds of Lieutenant. His salary listed on his 1990 financial affidavit was $942.00 net weekly. The defendant's income in 1990 was $1,449.80 monthly or $337.00 weekly net.
Since he has remarried, the defendant asserts McGuinness v.McGuinness, 185 Conn. 7 should be applied since the plaintiff's current wife produces approximately 29% of the family income. TheMcGuinness case involved an unremarried former wife whose health had deteriorated, who had increased medical expenses she was unable to meet, and whose remarried former husband's income had substantially increased since the original order. The original order of alimony was for six years. The modification ordered extended the same weekly order for an additional two years and ordered the former husband to pay one-half of the former wife's uninsured medical expenses over the same two year period. The court said the current wife's income was relevant to his current expenses in determining that he could pay the extended order. However, the court cannot consider McGuinness unless it is first determined that a substantial change has occurred in the circumstances of either party.
In the present case, the defendant's net income has increased. The court does not find a substantial change in the defendant's circumstances due to the change in the child support for the CT Page 12481-PP defendant's own increased income has filled the gap created by the reduced child support. cf. Cummock v. Cummock, 180 Conn. 218, 221.
The court finds no change in either party's circumstances of substantial nature. Both alimony motions are denied.
The motion for attorney's fees is denied.
HARRIGAN, J.