[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO MODIFY ALIMONY and LIFE INSURANCE POST JUDGMENT (#213)
The defendant has moved to modify the current order for alimony entered on September 11, 1995 requiring the defendant to pay to the plaintiff $400 per month until the death of the defendant or the sooner death or remarriage of the plaintiff At that time the defendant was also ordered to maintain a life insurance policy of $25,000 payable to the plaintiff The parties agreed in writing to these orders (208) and the court approved the agreement and it was so ordered.
The parties' marriage was dissolved on October 9, 1985 after an uncontested hearing at which an oral stipulation was read into the record with a transcript to be placed in the record. The modification order of September 11, 1995 is the only prior modification.
The defendant filed an affidavit (207) dated September 11, 1995 listing net income from his business of $384.62 weekly derived from Landman CT Page 13403 Dental Arts, Inc., a corporation in which he listed a 50 percent interest. The plaintiff's financial affidavit (206) dated September 11, 1995 lists $292.50 net weekly wage from her employment as a billing clerk at Norwalk Hospital and an additional $33.40 from a pension, a total of $325.90. The plaintiff's current affidavit (217) lists $259.20 net weekly wage from her employment as a receptionist for a doctor and additional income of $181.66 from Social Security, $45.77 from a Norwalk Hospital pension and $30.87 from a First Union pension, a total of $517.50, not including the alimony of $93.02 weekly. The defendant's current affidavit (216) lists Social Security of $280.38 weekly. He no longer has the dental lab income which business he transferred prior to 1998. The defendant is retired.
The defendant remarried over 14 years ago. His present wife has been employed during the marriage. Neither of these facts can now constitute a change in circumstances. The plaintiff owned 19 Pink Cloud Ct. in 1995 which she has since sold. Some of the proceeds were used to purchase her current home, a condominium unit. In 1995 the plaintiff had a bank account containing $5049, mutual funds of $5494.30 and two IRA accounts totaling $5380. Her current affidavit lists bank accounts totaling $186,433, no mutual funds and no IRA accounts. She lists no interest income. The court imputes interest at six percent of $215 weekly. The plaintiff lists weekly expenses of $390.65. If the plaintiff retired she would still receive income from Social Security, hospital pension, bank pension, and the imputed income, a total of $473.30 which is sufficient to cover her expenses.
"The same criteria that determine an initial award of alimony are relevant to the question of modification, and these require the court to consider, without limitation, the needs and financial resources of each of the parties, as well as such factors as health, age and station in life. General Statutes § 46b-82" Cummock v. Cummock, 180 Conn. 218,221-222 (1980). Both parties are 70 years of age presently. The defendant testified of having ill health. The length of the marriage remains the same. Their stations in life remain the same. The financial resources of the plaintiff have substantially improved whereas the financial resources of the defendant have worsened. The plaintiff no longer needs the alimony income and the defendant is no longer able to pay it.
The life insurance was ordered to remain in effect so long as there existed an alimony order.
The defendant's motion is granted and it is ordered that the alimony is terminated effective immediately, retroactivity is not ordered, and the defendant is no longer obliged to maintain the life insurance that was ordered in the 1995 modification. CT Page 13404
HARRIGAN, J.