## LENNART S. NICHOLSON *v.* JOYCE L. NICHOLSON (AC 21371)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Lennart S. Nicholson,* pro se, the appellant (plaintiff), filed a brief.

*Paula J. Waite* filed a brief for the appellee (defendant).

### Opinion

PER CURIAM. The pro se plaintiff, Lennart S. Nicholson, appeals from the judgment of the trial court denying his motion for modification of alimony payments to the defendant, Joyce L. Nicholson. The dispositive issue in this appeal is whether the court improperly determined that the plaintiff failed to demonstrate a change in circumstances that would justify modification.[1] We affirm the judgment of the trial court.

---

[1] The plaintiff also alleges that the court violated the doctrine of separation of powers. He argues that the court improperly interpreted General Statutes § 46b-86 (a) to apply only when there is a showing of a substantial change in a party's *financial* circumstances. The plaintiff also claims that the court denied his rights to due process and to equal protection. He argues in that regard that the court somehow "monetarily punished [him] because he lacked the funds to hire an attorney" and that he did not understand the divorce papers he signed in 1981.

The plaintiff cites no relevant authority to guide our resolution of those assertions. "[N]othing more than [a] bare statement, without citation to legal authority, appears in his brief. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed

The following facts are relevant to our resolution of the plaintiff's appeal. As part of its original 1982 dissolution decree, the court ordered the plaintiff to pay $50 per week in periodic alimony to the defendant. The court subsequently modified the payment amount, the last modification having been ordered in 1992. In June, 2000, the plaintiff filed a motion for modification of his alimony payment. He alleged that the circumstances concerning his case had changed since the prior modification order because he had become the primary caregiver for his young daughter, who was born during his second marriage. The court did not find that a substantial change in circumstances existed and, on October 10, 2000, denied the plaintiff's motion for modification. The plaintiff thereafter appealed to this court.

A court's decision concerning a motion to modify alimony payments is governed by General Statutes § 46b-86 (a) which permits the court to modify payments "upon a showing of a substantial change in the circumstances of either party . . . ." The court adequately set forth the factual findings underlying its conclusion. It found that since the time of the last modification, the plaintiff's income had increased and his expenses had decreased. The court also found that the defendant's income and expenses had increased proportionally to one another. Although the plaintiff argued that he is now the principal caregiver for a young child, the court found that "there was no real substantial evidence other than his testimony on that issue."

The court made clear factual findings concerning the relative financial situations of both parties. The defendant does not challenge those findings. Instead, he argues that the court should have accepted his allega-

abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Russell* v. *Russell*, 61 Conn. App. 106, 108, 762 A.2d 523 (2000).

tions about caring for a young child and should have found that those allegations constituted a substantial change in circumstances for purposes of the statute.

"To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous." (Internal quotation marks omitted.) *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 256 Conn. 813, 826–27, 776 A.2d 1068 (2001); see also Practice Book § 60-5. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Petronella* v. *Venture Partners, Ltd.*, 60 Conn. App. 205, 209, 758 A.2d 869 (2000), appeal dismissed, 258 Conn. 453, 782 A.2d 97 (2001).

Having reviewed the record, we conclude that the court was free to conclude that the plaintiff failed to demonstrate a substantial change in circumstances. As we have stated previously, "[i]n reviewing a trial court's decision on a motion to modify, every reasonable presumption will be made in favor of the trial court's exercise of discretion. *Cummock* v. *Cummock*, 188 Conn. 30, 35, 448 A.2d 204 (1982). Its decision will not be disturbed unless it acted illegally or unreasonably. *Scott* v. *Scott*, 190 Conn. 784, 789, 462 A.2d 1054 (1983)." *Lev* v. *Lev*, 10 Conn. App. 570, 573, 524 A.2d 674 (1987). The court applied the correct legal standard, and we are unable to conclude that the court abused its discretion or acted unreasonably in denying the plaintiff's motion to modify.

The judgment is affirmed.