## PAULA A. BRONSON *v.* THOMAS A. BRONSON
### (2330)

HULL, DUPONT and BORDEN, Js.

Argued November 4, 1983—decision released March 6, 1984

*Richard C. Hannan, Jr.,* for the appellant (plaintiff).

*Donna D. Morris,* for the appellee (defendant).

DUPONT, J. This is an appeal[1] by the plaintiff from a judgment of modification of alimony payments rendered after a hearing on the defendant's motion to terminate alimony. The parties had signed a written agreement which had been approved by the court and incorporated by reference in the judgment of dissolu-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tion of the marriage. That judgment ordered the parties to comply with the provisions of the agreement which contained a "Modification and Waiver" clause.[2] The trial court, after determining that it had jurisdiction to modify or terminate alimony payments, ordered that when the defendant's supplemental disability expires and his income is reduced to $50 per week the alimony order be modified to $20 per week "only during the time that the defendant's income is $50 or less per week."[3] The court further ordered that alimony be reduced to $1 per year as of January 1, 1987.

The plaintiff claims error in the court's modification of alimony because the written agreement of the parties precluded modification and because of the alleged absence of a substantial change in the circumstances of either party. She further claims that it was error to reduce the alimony award to $1 per year as of January 1, 1987, since there was no factual basis to conclude what the circumstances of the parties would be in the future.

The agreement of the parties was that the parties themselves could not modify the periodic alimony payments. It is not certain whether the parties also intended to preclude modification by the court.[4] Nothing in the agreement prohibits modification by the

---

[2] The agreement states in pertinent part: "This Agreement shall not be modified or annulled by the parties hereto except by written instrument executed in the same manner as this Agreement."

[3] The original agreement of the parties provided for weekly alimony payments of $35 until the death or remarriage of the plaintiff. The court found that the defendant was disabled at the time of the hearing on the motion to terminate alimony and was receiving a supplemental disability income which would expire on May 1, 1982.

[4] Where an agreement is incorporated by reference in a dissolution decree rather than its terms being included in the decree itself, the decree should be construed by ascertaining the intent expressed in the language of the agreement. *McDonnell* v. *McDonnell*, 166 Conn. 146, 150, 348 A.2d 575 (1974).

court. Although General Statutes § 46b-86 permits a divorce decree to preclude modification, "such an interpretation is not favored, and ambiguous orders of periodic alimony are treated as modifiable." *Cummock* v. *Cummock,* 180 Conn. 218, 222–23, 429 A.2d 474 (1980). The court had the power to modify the alimony payments and to grant relief in accordance with equitable principles. *Sands* v. *Sands,* 188 Conn. 98, 102–103, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983).

In order to modify, continue, or set aside an order for periodic alimony there must be a showing of a substantial change in circumstances of either party which arose subsequent to the entry of the decree of the dissolution and which was not contemplated by the parties at the time. *Connolly* v. *Connolly,* 191 Conn. 468, 473, 464 A.2d 837 (1983). The trial court properly found that there was a substantial change in the circumstances of the defendant since he had become disabled after the original decree and would suffer a decrease in earnings of approximately $140 per week, the difference between his earnings at about the time of the original decree and his disability payment when his supplemental disability benefit would terminate. A substantial change in circumstances arising subsequent to the entry of a decree of dissolution can consist of the subsequent ill health of a party. *Swayze* v. *Swayze,* 176 Conn. 323, 338, 408 A.2d 1 (1978).

The defendant sought a termination of all periodic alimony payments. The trial court concluded that $20 per week was an appropriate periodic alimony award at such time as the defendant's income fell to $50 per week and that $1 per year would be a reasonable figure as of January 1, 1987. The trial court was the trier of fact and its decision was reasonably supported by the evidence.

At the time of the original decree the weekly periodic alimony payment equalled approximately 18 percent of the defendant's weekly gross income; the modification of the weekly periodic alimony payment would require the defendant to pay the plaintiff approximately 40 percent of his weekly gross income. The available net income, however, rather than gross income is the criterion for the establishment of an appropriate figure for periodic alimony. *Collette* v. *Collette,* 177 Conn. 465, 469, 418 A.2d 891 (1979). Here, the defendant's available weekly net income will become a minus figure when his supplemental disability income is terminated, assuming that his weekly expenses remain constant. The plaintiff cannot be heard to complain of this result.

The award of $1 per year was proper where the facts indicated that the trial court should preserve the power of the court to determine in the future what an appropriate amount of periodic alimony should be. *Pack* v. *Pack,* 180 Conn. 211, 212, 429 A.2d 477 (1980); *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 379–80, 423 A.2d 85 (1979). Both current and future income may be evaluated in establishing a proper amount for alimony. *Thompson* v. *Thompson,* 183 Conn. 96, 100, 438 A.2d 839 (1981). An award of periodic alimony takes into account various considerations, including earning capacity. *Fattibene* v. *Fattibene,* 183 Conn. 433, 441, 441 A.2d 3 (1981). The earning capacity of this defendant as of the time of the hearing on his motion was minimal, given his award for an industrial disability. The modification order should not be disturbed. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979).

There is no error.

In this opinion the other judges concurred.