CARMELA D. CALOROSSI *v.* JOSEPH D. CALOROSSI
(2992)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued April 11—decision released May 28, 1985

*Zoltan A. Benyus, Jr.,* with whom, on the brief, was *John L. Ponzini,* for the appellant (plaintiff).

*Michael T. Bologna,* for the appellee (defendant).

BORDEN, J. This is a marital dissolution case in which the trial court modified the judgment by terminating the plaintiff's alimony pursuant to General Statutes § 46b-86 (b).[1] The plaintiff appealed. We find no error.

The judgment of dissolution, rendered on September 18, 1980, awarded the plaintiff alimony in the amount of $60 per week and child support in the amount of $80 per week. On February 1, 1982, the parties were before the court on the fourth of a series of motions to modify the judgment on the basis of the defendant's unemployment. The parties orally stipulated in court that alimony be modified to $45 per week, with a further adjustment while the defendant was unemployed, that the "order of the Court [entered on the stipulation] may not be modified on the application of either party on the basis of any increases in salary, overtime or additional employment by either party," and that they "will reduce this to a stipulation and file it with the Court." The court, *Novack, J.*, responded: "An order may be entered in accordance with the stipulation." The written order of the court was, inter alia, "that the . . . agreement between the parties become the order of this court as read into the record this first day of February, 1982."[2]

---

[1] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[2] The written order of the court, signed by the clerk on Judge Novack's behalf, did not contain the nonmodification language. Neither party disputes, however, that they agreed on, and that the court approved, the provision regarding nonmodification.

On February 24, 1982, the parties filed a written stipulation, dated February 1, 1982, which restated the essentials of the oral stipulation made in court on February 1, 1982, but which provided with respect to nonmodification: "The parties hereto consent and agree that no further motion for modification of the support and alimony orders entered in accordance herewith shall be submitted to the court predicated upon an increase in the income of either party due to any reason, including increased salary, overtime benefits, part time work benefits, additional work or second job sources." Despite the fact that this written stipulation was somewhat broader than the oral stipulation made on February 1, 1982, and the court order entered thereon, the plaintiff did not seek to have the order modified further to conform to the written stipulation. Indeed, there is nothing in this record to indicate that, until these proceedings, the written stipulation was brought to the attention of the court.

By motion dated November 14, 1983, the defendant sought to terminate alimony pursuant to General Statutes § 46b-86 (b). The court, *Ford, J.,* found that the requirements of the statute had been met and terminated the alimony. The plaintiff does not challenge the factual basis of the court's decision, which did not involve any additional salary, overtime or employment of either party.

The sole basis of the plaintiff's appeal is that modification was precluded by virtue of the written stipulation, dated February 1, 1982, but not filed in court until February 24, 1982, which she mischaracterizes as having been incorporated into the order of the court. Her argument focuses on the language of the stipulation precluding modification "predicated upon an increase in the income of either party due to any reason . . . ." This argument is without merit.

It is axiomatic that in a marital dissolution case a stipulation of the parties is not binding as an order of the court until it has been examined and approved by the court. *Sands* v. *Sands,* 188 Conn. 98, 102–103, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). Provisions for nonmodification are not favored and must be clear and unambiguous. *Bronson* v. *Bronson,* 1 Conn. App. 337, 339, 471 A.2d 977 (1984).

The order of the court was based on and incorporated the oral stipulation; it was not based on and did not incorporate the written stipulation filed approximately three weeks later. The order of the court precluded modification only to the extent that it would be based on the increased salary, overtime or additional employment of either party. The trial court did not modify the judgment on any of these bases.

There is no error.

In this opinion the other judges concurred.