[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR MODIFICATION (#125)
The parties' marriage was terminated by judgment entered in New York in 1983 and filed in this court in 1987 after both parties had moved to Connecticut. In September, 1986, in the New York court, the parties stipulated to a child support order of $250.00 monthly unallocated, for the two children of the parties, Vanessa, born October 14, 1977 and Kristofer, born January 2, 1979.
On March 23, 1989, the defendant moved to modify the child support order. The hearing commenced in December, 1989 and was recessed for several months to allow the defendant the opportunity CT Page 220 to obtain I.R.S. records. Final arguments were heard by the court on September 28, 1990.
During the hiatus, the current spouse of plaintiff, who had testified for plaintiff early in the hearing, commenced a dissolution of marriage action in this Judicial District, (No. 097535, JoEllen Spinka v. Kenn W. Spinka). Her first appearance supported the plaintiff's claims of financial status and her later appearance painted an entirely different, rosier version of plaintiff's finances.
The defendant bears the burden of establishing a reason to modify the child support figure she agreed to in 1986 in the New York court. In support of that order, the plaintiff submitted sworn net worth affidavit dated June 9, 1986 stating a gross income for "last year" (i.e. 1985) of $21,777.56 less social security tax of about $2,200.00 (Defendant's Exhibit #1). The plaintiff's 1985 Form 1040 listed the same total income on line 23, (Plaintiff's Exhibit A).
The plaintiff is a teacher of design at Suny College and also operates his own business known as term W. Spinka Associates. A primary customer was Herlbert. Ross Design Assoc. of Bronx, New York, from whom he received $138,693.14 as stated on Form 1099 issued to plaintiff for 1988, (Defendant's Exhibit #21). Kenn W. Spinka Associates in turn issued Form 1099 to Jo E. Enns stating $90,391.28 non employee compensation for 1987 and $117,110.40 for 1988, (Defendant's Exhibit #22). Jo E. Enns is also Jo E. Spinka, the current spouse of plaintiff. Jo E. Spinka then reported the Form 1099 compensation on Schedule C of her return prepared as married filing separately on her 1987 return, (Defendant's Exhibit #22). This court finds that the plaintiff and his present wife engaged in this "pass thru" of his income to her in order to present an artificially low income for plaintiff. This court is not bound to accept these figures furnished at face value, Marcus v. Marcus, 175 Conn. 138 (1978).
A more accurate estimate of plaintiff's income is found on the mortgage application filed by Jo E. (Enns) Spinka when she obtained a commitment for $280,000 to purchase 522 Bucks Hill Road, Southbury for $350,000, (Defendant's Exhibit #18). The plaintiff is listed as co-borrower with an employment income of $9,000 monthly. The purchase was completed in July, 1989, with $3,068 monthly payments due on the said mortgage.
This acquisition was made after the plaintiff and his current wife acquired 725 Georges Hill Road, Southbury, valued on the same mortgage application at $259,000, less a $180,000 mortgage.
The court is satisfied that the defendant has demonstrated CT Page 221 that plaintiff has earnings before taxes of $10,000 monthly. The court must enter an order for support using available net income rather than gross income, Bronson v. Bronson, 1 Conn. App. 337
(1984).
The defendant introduced copies of plaintiff's Form 1040 for 1986 and for 1987, (Defendant's Exhibits #19 and, #20). Each bears plaintiff's signature. For 1986, plaintiff lists taxable income of $85,302 and for 1987 lists taxable income of $89,536. This court finds such figures more consistent with and more able to support plaintiff's lifestyle than the figures on plaintiff's financial affidavits.
After deducting the net tax liability shown on Exhibit. #19 of $15,639, the net available income, after taxes, is $69,663 for 1986. After deducting the net tax liability shown on Exhibit #20 of $16,841, the net available income, after taxes, is $72,695 for 1987.
The court charges plaintiff with having $1,000 net weekly available income.
He has two children from each marriage. The court must apply the guidelines in framing the order. In order to do so, this court must also determine the net available income of defendant. She has remarried. She is self-employed and, from her two Schedules C filed with her Fore 1040 for 1988, conducts the Southbury Ballet School and a desk top publishing company, (Plaintiff's Exhibit D). Her financial affidavit filed on September 28, 1990 lists weekly net income of $104 after taxes. Her present spouse pays all of her family expenses, as noted on her financial affidavit, so all her net income is available to be considered for the child support guidelines. The guideline formula requires 50% of combined disposable incomes of $1,100, allocated 9% to the defendant and 91% to the plaintiff. The gross support figure of $550 results in allocating a total child support obligation for plaintiff of $500. For the two children of the first marriage, the indicated child support weekly is $125.00 each.
The court has concluded that the financial status of plaintiff presented to the New York court has changed substantially and that the children's interest require a modification. The court has concluded that neither the plaintiff nor his present spouse is a credible witness, thus requiring the court to piece together the bits of evidence in order to construct plaintiff's earnings.
The court grants the defendant's motion. The plaintiff is ordered to pay $125 weekly child support to the defendant for each CT Page 222 of their two minor children. This order shall become effective as of Friday, February 1, 1991 and shall be secured by a wage garnishment
The defendant's request for at allowance to prosecute this motion is granted and defendant is awarded $1,000 to defray her legal expenses, due and payable on or before April 1, 1991.
HARRIGAN, J.