[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
The plaintiff now, almost 14 years post judgment, seeks to modify the orders of this court entered on November 15, 1977. The plaintiff claims that since the judgment was entered she "has suffered an unforeseen, substantial deterioration in CT Page 6657 her health and is unable to meet her necessary medical expenses."
For purposes of this decision, the court is treating those allegations of the plaintiff's motion as true.
The question presented to the court is the interpretation of an agreement executed by the parties on October 29, 1977. Paragraph 12.2 of the agreement in its entirety provides as follows:
 The parties agree that none of the following, either alone, or in combination with the other, or in combination with any other factors whatsoever, shall constitute a substantial change in circumstances, warranting a modification of aforesaid alimony obligation: increase in income of either party, increase in assets of the Husband, decrease in income/liabilities and/or assets of Wife, decrease in expenses and/or liabilities of Husband, increase in expenses, assets, and/or liabilities of Wife. Only factors not mentioned above shall constitute a substantial change in circumstances so as to warrant either other party from seeking or receiving a modification of said alimony obligation and each party shall be forever precluded and estopped from seeking or receiving a modification of aforesaid alimony, except for any reason not set forth above.
This matter was heard on November 15, 1977, and paragraph 16 of the judgment provides as follows:
 16. The parties agree that none of the following, either alone, or in combination with the other, or in combination with any other factors whatsoever, shall constitute a substantial change in circumstances, warranting a modification of aforesaid alimony obligation: increase in income of either party, increase in assets of the defendant, decrease in income liabilities and/or assets of plaintiff, decrease in expenses and/or liabilities of defendant, increase in expenses, assets and/or liabilities of plaintiff. Only factors not mentioned above shall constitute a CT Page 6658 substantial change in circumstances so as to warrant either party from seeking or liabilities of plaintiff. Only factors not mentioned above shall constitute a substantial change in circumstances so as to warrant either party from seeking or receiving a modification of said alimony obligation and each party shall be forever precluded and estopped from seeking or receiving a modification of aforesaid alimony, except for any reason not set forth above.
Plaintiff's motion is filed pursuant to the provisions of 46b-86 (a) of the General Statutes. That section of the statutes provides, in part, as follows:
 "(a) Unless and to the extent that the decree precludes modification, any financial order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a. . . ." (Emphasis supplied.)
The judgment provides that the parties agree that none of the factors enumerated, "either alone, or in combination with the other, or in combination with any factors whatsoever, shall constitute a substantial change in circumstances warranting a modification. . . ." further provides, "only factors not mentioned above shall constitute a substantial change in circumstances so as to warrant. . .modification. . . ."
The question presented is whether or not the plaintiff is entitled to seek modification.
It is the plaintiff's claim that health is a factor in awarding alimony and warrants a modification of a judgment where there is an unforeseen substantial change. See Section 46b-82 of the Connecticut General Statutes; McGuinness v. McGuinness,185 Conn. 7 (1981); McCann v. McCann, 191 Conn. 447 (1983; Wanatowicz v. Wanatowicz, 12 Conn. App. 616, 619 (1987).
Provisions for non-modification are not favored and CT Page 6659 must be clear and unambiguous. Lilley v. Lilley, 6 Conn. App. 253,255 (1986); Calorossi v. Calorossi, 4 Conn. App. 165, 168
(1985) citing Bronson v. Bronson, 1 Conn. App. 337, 339 (1984). The provision of nonmodifiability construed in Bronson was the form of "catch all" provision in most agreements, i.e., "This agreement shall not be modified or annulled by the parties hereto except by written instrument executed in the same manner as this agreement." Such a provision was held not to provide for "non-modifiability." Such a provision is not unlike paragraph 20.3 of the parties' agreement in the case at bar. However, paragraph 20.3 provides that the court may modify the agreement if it finds the circumstances of a party have changed materially.
The court finds that the language of the decree is clear and unambiguous on its face. Any factor in combination with an increase in the plaintiff's expenses, assets, and/or liabilities precludes modification. A deterioration in the plaintiff's health results in an increase in her expenses and/or an increase in her liabilities.
The wording of paragraph 16 of the Judgment raises the question of whether there is any factor which could permit modification. The plaintiff, herself, by judicial admission in a separate action entitled Audrey M. Sweet v. Goldstein Peck, P.C., et al, Judicial District of Stamford/Norwalk, docket number CV83 006900, has alleged that she agreed to a waiver of the right to modification of the defendant's alimony obligations. (See exhibits 1 and 2, paragraph 16n of Count I of the original complaint and paragraph 16f of Count I of the revised complaint.) Such judicial admission on the plaintiff's part has the effect of a confessory pleading and may be considered as an evidential admission. Dreier v. Upjohn Co.,196 Conn. 242, 244 (1985).
For all the foregoing reasons, the plaintiff's motion is denied.
EDGAR W. BASSICK, III, JUDGE