[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ARREARAGE
Based upon the court records (Application for Contempt Order and/or Garnishment order of Magistrate Sullivan), an arrearage for the year 1987 was determined in the amount of $3,475.00 as of October 29, 1987 (see also transcript of proceedings before Magistrate Sullivan on October 29, 1987 attached to defendant's brief). To this amount must be added the sum of $1,925.00, the arrearage for 1985 (see letter of August 14, 1990 addressed to the defendant from Support Enforcement Services attached to the defendant's brief). A CT Page 7495 $2,000.00 payment was made by the defendant on that date. The arrearage, therefore, as of November 1, 1987 was $3,400.00.
The defendant argues that in computing net "monies" as provided by the parties' agreement only FICA and income tax deductions should be allowed. In determining net income our appellate court has held that net earned income is the gross amount of salary, wages or commissions less all deductions by the employer for obligatory, statutory or contractual obligations. The following language from the case of Sunbury v. Sunbury, 13 Conn. App. 651, 666, 662 (1988) is controlling in this situation:
 General Statutes 46b-81 and 46b-82 require the court to consider, inter alia, the amount and sources of income of the parties when making an award of alimony or a property assignment in a dissolution action. "The available net income, however, rather than gross income is the criterion for the establishment of an appropriate figure for periodic alimony. Collette v. Collette, 177 Conn. 465, 469, 418 A.2d 891 (1979)." Bronson v. Bronson, 1 Conn. App. 337, 340, 471 A.2d 977 (1984). In general accounting practice, net income would ordinarily consist of total income received by a party from all sources, less the legitimate expenses of realizing it. Sturtevant v. Sturtevant, 146 Conn. 644, 648, 153 A.2d 828
(1959). For the purposes of General Statutes 46b-81 and 46b-82, however, we hold that net earned income for a wage earner is the gross amount of salary, wages or commissions, less all deductions by the employer for obligatory statutory or contractual obligations of the employee. Withholding of income taxes, FICA, and wage garnishment are examples of deductions required by law. Union dues, insurance premiums and some deductions for pension plans are examples of deductions authorized by contract. Optional deductions, such as for IRAs, profit sharing plans, stock purchases, and credit union deposits are not proper deductions for a determination of net earned income for alimony or other financial orders. The latter deductions are optional and inure to the benefit of the employee. They are basically within the control of the CT Page 7496 employee and would allow him to establish the amount of his own net income were he allowed to deduct them from gross income.
The deduction for medical insurance premiums is appropriate.
The defendant argues that all figures should be annualized and then divided by twelve to arrive at monthly figures. The agreement and judgment provides monthly support for the plaintiff and for the minor children. It provides further in paragraph 5a. as follows:
 Should wife receive net monies in excess of $1,000.00 in any given month (which monies shall include but not be limited to support payments; employment, investment income or any other source), the amount to be paid by Husband shall reduce fifty cents ($.50) for each dollar received by Wife in excess of $1,000.00 but under no circumstances shall said sum be reduced beyond the sum of $433.33 per month ($5,200.00 per year) regardless of the amount of monies received by Wife." [Emphasis supplied.]
In view of the language it is clear to the court that the parties intended a month by month consideration of the credit question. For those months when support payments were not made by the defendant, obviously the plaintiff did not receive "net monies" in excess of $1,000.00 for that "given month." For those months when the defendant made up arrearages and paid more than $750.00, he should not receive credit for any more than the current payment. To rule otherwise would be to reward the defendant to the extent of 50 per cent of the amount paid on the arrearage, which the court finds is unfair and inequitable. The court's order was for monthly payments, and the parties contemplated monthly computations of the credits on the basis of monthly payments for the "given month."
The defendant argues that any income tax refund received by the plaintiff should be divided by twelve to arrive at a monthly figure and should be added back to the tax deduction in arriving at a net monthly figure for the plaintiff's earnings. It is proper that the income tax refund be taken into account. So long as the plaintiff's tax deduction was in accordance with the tax tables, the monthly computation of her net pay as computed by the plaintiff's counsel is proper. The tax refund should then be considered as "net monies" received in the month the plaintiff received it. If the plaintiff, however, over withheld beyond that allowed for one in CT Page 7497 her position in accordance with the tax tables, then the withholding amount would have to be recomputed.
Finally, plaintiff argues that the interest income included by the plaintiff in her tax return should not be included in "net monies" as defined for credit purposes because the account was her son's. The court assumes this account was in the plaintiff's name in trust for her son. If such be the case, the account is considered to be a revocable trust and the property of the plaintiff. See Salvio v. Salvio, 186 Conn. 311,323-324 (1982). As such, the interest thereon is includable in the computation of "net monies."
With all of the foregoing in mind, the court computes the arrearage and credits as follows:
 PLTF.'S MONTHLY NET NET DATE DUE PAID PAY MONIES CREDIT ARREARAGE 3400.00 11/87 750.00 700.00 750.00 1450.00 225.00 3175.00 12/87 750.00 700.00 750.00 1450.00 225.00 2950.00 1/88 750.00 350.00 800.00 1160.00* 0 2877.00 2/88 750.00 700.00 800.00 1510.00 255.00 2622.00 3/88 750.00 700.00 800.00 1510.00 255.00 2367.00 4/88 750.00 700.00 800.00 1510.00 255.00 2112.00 5/88 750.00 675.00 800.00 1485.00* 242.00 1870.00 6/88 750.00 650.00 800.00 1460.00* 217.00 1653.00 7/88 750.00 325.00 800.00 1135.00* 0 1761.00 8/88 750.00 650.00 800.00 1460.00* 217.00 1644.00 9/88 750.00 650.00 800.00 1460.00* 217.00 1327.00 10/88 750.00 650.00 800.00 1460.00* 217.00 1110.00 11/88 750.00 650.00 800.00 1460.00* 217.00 893.00 12/88 750.00 650.00 800.00 1460.00* 217.00 676.00 1/89 750.00 3010.00 785.00 3810.00* 2599.00 1901.00cr 2/89 750.00 650.00 785.00 1450.00* 217.00 2118.00cr 3/89 750.00 650.00 785.00 1450.00* 217.00 2335.00cr 4/89 750.00 650.00 785.00 1450.00* 217.00 2552.00cr 5/89 750.00 325.00 785.00 1125.00* 0 2444.00cr 6/89 750.00 650.00 785.00 1450.00* 217.00 2661.00cr 7/89 750.00 325.00 785.00 1125.00* 0 2553.00cr 8/89 750.00 975.00 785.00 1775.00* 542.00 3095.00cr 9/89 750.00 0 785.00 800.00* 0 2662.00cr 10/89 750.00 325.00 785.00 1125.00* 0 2554.00cr 11/89 750.00 325.00 785.00 1125.00* 0 2446.00cr 12/89 750.00 325.00 785.00 1125.00* 0 2338.00cr 1/90 750.00 1170.56 800.00 1980.56* 737.56 3075.56cr 2/90 750.00 650.00 800.00 1460.00* 217.00 3292.56cr 3/90 750.00 325.00 800.00 1140.00* 0 3184.56cr 4/90 750.00 325.00 800.00 1140.00* 0 3076.56cr CT Page 7498 5/90 750.00 325.00 800.00 1140.00* 0 2968.56cr 6/90 533.33 325.00 800.00 1140.00* 0 2860.56cr 7/90 533.33 0 800.00 815.00* 0 2427.56cr 8/90 533.33 0 800.00 815.00* 0 1994.56cr 9/90 533.33 0 800.00 815.00* 0 1561.56cr 10/90 533.33 325.00 800.00 1135.00* 0 1453.56cr 11/90 533.33 114.44 800.00 929.44* 0 1135.00cr 12/90 533.33 325.00 800.00 1140.00* 0 1027.00cr 1/91 533.33 1985.00 755.00 2751.00* 1552.00 2579.00cr 2/91 533.33 325.00 755.00 1091.00* 0 2471.00cr 03/07/91 300.00 0 0 0 0 2171.00cr 03/14/91 300.00 0 0 0 0 1871.00cr 03/21/91 300.00 0 0 0 0 1571.00cr 03/28/91 300.00 0 0 0 0 1271.00cr 04/01/91 0 300.00 0 0 0 1571.00cr 04/01/91 0 300.00 0 0 0 1871.00cr 04/04/91 300.00 0 0 0 0 1571.00cr 04/08/91 0 300.00 0 0 0 1871.00cr 04/08/91 0 300.00 0 0 0 2171.00cr 04/11/91 300.00 0 0 0 0 1871.00cr 04/18/91 300.00 0 0 0 0 1571.00cr 04/25/91 300.00 0 0 0 0 1271.00cr 05/02/91 300.00 300.00 0 0 0 1271.00cr 05/09/91 300.00 0 0 0 0 971.00cr 05/16/91 300.00 600.00 0 0 0 1271.00cr 05/23/91 300.00 0 0 0 0 971.00cr 05/30/91 300.00 0 0 0 0 671.00cr 06/06/91 300.00 300.00 0 0 0 671.00cr 06/13/91 300.00 0 0 0 0 371.00cr 06/20/91 300.00 0 0 0 0 71.00cr 06/27/91 300.00 600.00 0 0 0 371.00cr 07/04/91 300.00 0 0 0 0 71.00cr 07/11/91 300.00 0 0 0 0 229.00 07/18/91 300.00 0 0 0 0 529.00 07/25/91 300.00 0 0 0 0 829.00 08/01/91 300.00 0 0 0 0 1129.00 08/08/91 300.00 300.00 0 0 0 1129.00 08/15/91 300.00 0 0 0 0 1429.00 08/22/91 300.00 0 0 0 0 1729.00 08/29/91 300.00 0 0 0 0 2029.00 09/05/91 300.00 300.00 0 0 0 2029.00 09/12/91 300.00 0 0 0 0 2329.00 09/19/91 300.00 0 0 0 0 2629.00 09/26/91 300.00 0 0 0 0 2929.00 10/03/91 300.00 0 0 0 0 3229.00 10/10/91 300.00 0 0 0 0 3529.00 10/17/91 300.00 0 0 0 0 3829.00 10/24/91 300.00 0 0 0 0 4129.00 10/31/91 300.00 0 0 0 0 4429.00 11/07/91 300.00 300.00 0 0 0 4429.00 CT Page 7499 11/14/91 300.00 0 0 0 0 4729.00 11/21/91 300.00 0 0 0 0 5029.00 11/28/91 300.00 0 0 0 0 5329.00 12/05/91 300.00 0 0 0 0 5629.00 12/12/91 300.00 0 0 0 0 5929.00 12/19/91 300.00 0 0 0 0 6229.00 12/26/91 300.00 0 0 0 0 6529.00 01/02/92 300.00 0 0 0 0 6829.00 01/09/92 300.00 0 0 0 0 7129.00 01/16/92 300.00 0 0 0 0 7429.00 01/23/92 300.00 0 0 0 0 7729.00 01/30/92 300.00 0 0 0 0 8029.00 02/06/92 300.00 0 0 0 0 8329.00 02/13/92 300.00 0 0 0 0 8629.00 02/20/92 300.00 600.00 0 0 0 8329.00 02/27/92 300.00 0 0 0 0 8629.00 03/05/92 300.00 0 0 0 0 8929.00 03/12/92 300.00 0 0 0 0 9229.00 03/19/92 300.00 100.00 0 0 0 9429.00 03/26/92 300.00 0 0 0 0 9729.00 04/02/92 300.00 0 0 0 0 10029.00 04/09/92 300.00 0 0 0 0 10329.00 04/16/92 300.00 0 0 0 0 10629.00 04/23/92 300.00 0 0 0 0 10929.00 04/30/92 300.00 0 0 0 0 11229.00 05/07/92 300.00 0 0 0 0 11529.00 05/14/92 300.00 0 0 0 0 11829.00 05/21/92 300.00 0 0 0 0 12129.00 05/28/92 300.00 0 0 0 0 12429.00
* Those asterisked figures indicate that the minimum figure of $433.33 support for the month has effected the computations.
The foregoing arrearage does not include arrears for insurance payments and medical reimbursements.
INTEREST INCOME
YEAR YEARLY AMOUNT MONTHLY AMOUNT ROUNDED FIGURE
1988 $101.50 $ 8.41 $10.00 1989 $187.00 $15.58 $15.00 1990 $119.00 $ 9.91 $10.00 1991 $133.00 $11.00 $11.00
While the court has ruled upon the approach to be taken in the foregoing computation of arrearage, it is very easy to make arithmetical mistakes. Each party shall have a period of ten (10) days to submit a recomputation of the foregoing. If there is no such submission by either party, the arrearage as CT Page 7500 computed shall stand. Upon a submission by either or both of the parties, the court will consider the same and thereafter either reconfirm its finding of arrearage or make another determination.
This is not to be deemed an opportunity for the resubmission of briefs upon legal issues already ruled upon in this memorandum.
EDGAR W. BASSICK, III, JUDGE