[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 23, 1996
The plaintiff has filed a motion to modify (#136) an order for periodic alimony, based upon the claimed financial change in the parties' respective financial circumstances. The threshold issue for this court to determine is whether such order is or is not modifiable.
The parties' marriage was dissolved on October 11, 1990. On the date of dissolution, the parties submitted a signed separation agreement which contained, inter alia, provisions concerning alimony in Article VII thereof. Said Article states:
 7.1. Simultaneously with the execution of this agreement the Husband shall pay to the Wife as alimony the sum of One Thousand Dollars ($1,000) per month for eight months through June, 1991.
 7.2. Thereafter, commencing July, 1991, the Husband shall pay the sum of Nine Hundred Dollars ($900) per month as alimony through August, 1994.
 7.3. From September, 1994 through October, 2005, the Husband shall pay to the Wife Eight Hundred Dollars ($800) per month as alimony.
 7.4. The amount and term of alimony shall be nonmodifiable. The amount and term of alimony shall continue regardless of whether the Husband's employment at Pitney Bowes terminates, he retires, or the Wife is employed at some time in the future. (Emphasis added).
Additionally, Article XVI, paragraph 16.9. provided that CT Page 2895-KK "None of the paragraphs contained in the Separation Agreement shall be modifiable."
The decree itself, as set forth in the judgment file, incorporated the agreement into the judgment, and made it a part thereof. Further, the judgment file states that "[I]n addition, on October 29, 1990 the parties further clarified the Judgment by stating that the alimony is nonmodifiable as to amount or term except that the alimony will be terminated upon the death of the Husband or the remarriage of the Wife."[1]
C.G.S. § 46b-86(a) provides, in pertinent part, that"Unless and to the extent that the decree precludes modification,
any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered, or modified by said court upon a showing of a substantial change in the circumstances of either party . . ." (Emphasis added). The statute permits a divorce decree to preclude modification of periodic alimony, although such an interpretation is not favored. Cummock v. Cummock, 180 Conn. 218, 222-23 (1980). For an order of periodic alimony to be nonmodifiable, the decree must unambiguously preclude modification. McGuinness v. McGuinness,185 Conn. 7, 9 (1981); Scoville v. Scoville, 179 Conn. 277, 280
(1979). Where, as here, the provisions of a separation and support agreement have been incorporated by reference in the judgment, it is necessary to ascertain the intent of the parties as expressed in the language of the agreement rather than to construe the language of the decree itself. McDonnell v.McDonnell, 166 Conn. 146, 150 (1974).
The provisions in the subject separation agreement concerning the nonmodifiability of periodic alimony are express and unambiguous. Paragraph 7.4 of the Agreement, supra, clearly states that the amount and term of alimony shall be nonmodifiable. It then goes on to set forth certain illustrative instances when the alimony would be nonmodifiable. Further, Paragraph 16.9 of the agreement, supra, provides that none of the paragraphs contained in the separation agreement shall be modifiable. If there were any doubts concerning the nonmodifiability of the periodic alimony, and this court has none, these were certainly put to rest by the clarification of the judgment. This again provided that the amount or term of the alimony was not modifiable, but that it would terminate upon the death of the husband or the remarriage of the wife. CT Page 2895-LL
Several Appellate Court cases cited by the plaintiff concerning the issue of modification of periodic alimony, are inapposite. In Bronson v. Bronson, 1 Conn. App. 337, 338 (1984), the Appellate Court held that a separation agreement providing that it could not be modified or annulled by the parties, did not preclude modification by the court. The instant separation agreement contains no such restriction. In Lilley v. Lilley,6 Conn. App. 253, 255 (1986), the judgment of dissolution was silent regarding the modifiability of its order for periodic alimony. The Appellate Court concluded that the trial court had erred in determining that the original alimony order was nonmodifiable. Again, in the instant matter there is no silence concerning nonmodifiability. Finally, in Rau v. Rau, 37 Conn. App. 209
(1995), the dissolution decree contained no language regarding the modifiability of the alimony order. The Appellate Court held, therefore, that the preclusion of modification was not clear and unambiguous, and the order would be modifiable. In the present separation agreement, there is clear, express language concerning the nonmodifiability of the periodic alimony order. In sum, the cases cited by the plaintiff are factually distinguishable from the case at bar.
For the foregoing reasons, the plaintiff's motion for modification of alimony is denied.