[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
CT Page 2067
Facts: . . . The plaintiff wife and the defendant husband were married on May 6, 1989. There was one minor child, issue of the marriage. A dissolution of marriage action was filed by the plaintiff who was represented by counsel. On November 21, 1994 the court entered weekly pendente lite orders of $125 child support and $25 alimony. The defendant failed to appear at the pendente lite hearing. He did not provide financial affidavits at either the pendente lite hearing nor at the final hearing.
The defendant was defaulted for failure to appear. An uncontested dissolution trial was held on December 2, 1994. Only the plaintiff appeared at trial and offered evidence. The court dissolved the marriage and assigned custody of the minor child to the plaintiff, subject to the right of reasonable visitation in the defendant. The plaintiff's maiden name was restored to her.
The court then proceeded to enter the following financial orders: "And that the defendant pay to the plaintiff $25.00 per week as alimony, and One Hundred Nine ($109.00) dollars per week for the support of the minor child along with health insurance available through the defendant's employment. These orders are made without prejudice." The judgment file was prepared by plaintiff's counsel using PB Form 507.2. This court notes that this printed form judgment file does not contain sufficient space in the alimony section to insert language terminating alimony upon the happening of certain events. The form itself contains no such printed conditions. The judgment file contained no conditions concerning the alimony order.
The defendant first appeared in March 1996 and through counsel filed the instant motion for modification. An order to show cause was entered returnable to the court on July 22, 1996. The motion for modification and the order to show cause were served pursuant to Connecticut General Statutes § 52-50 on June 26, 1996.
Discussion: Connecticut General Statutes § 46b-82 set forth the factors that the trial court must consider in awarding periodic alimony. "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81." CT Page 2068
There are no statutory conditions automatically limiting the payment of periodic alimony. This court acknowledges that most orders of periodic alimony either by written agreement, oral agreement or decree of the court after a contested hearing contain three conditions; the alimony will terminate upon (1) the death of the wife, (2) the death of the husband or (3) the wife's remarriage, whichever event first occurs. None of these conditions are contained in our statutes.
There is a fourth modification condition which is established by statute commonly known as "cohabitation." This permits the modification of periodic alimony "upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party." Section 46b-86 (b).
The statutory authority to modify alimony is contained inC.G.S. § 46b-86a which states: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate."
Therefore, there is statutory authority for the court to modify a permanent order of alimony only upon a finding of a "substantial change in the circumstances" or upon the cohabitation conditions of § 46b-86 (b). In addition, the court cannot exercise its modification authority if the decree precludes modification. This preclusion can be found in the decree by way of the parties' written agreement, oral agreement or a trial court decision.
There is no bright line rule that states that an order of unconditional periodic alimony terminates upon the recipient's remarriage. In 1930 the Supreme Court discussed this subject inCary v. Cary, 112 Conn. 256 (1930). There is an inference that upon remarriage a spouse "has elected to obtain her support from CT Page 2069 her second husband and has thereby abandoned the provision made for her support by the court in its award of alimony." Cary v.Cary, supra 261-262. . . .
This "inference" does not result in an automatic termination of alimony.
The subject was again examined by the Supreme Court inLasprogato v. Lasporgato, 127 Conn. 510 (1941). An April 1938 decree awarded alimony at the rate of $25 per week for six years. The wife remarried in November 1938. The decree was silent as to whether the periodic alimony terminated automatically on the wife's remarriage. Citing Cary v. Cary and the statutes providing for modification of alimony, the court held that where the decree is silent on termination of alimony on remarriage, a hearing must be held on statutory modification issues. . . .
A slightly different view was stated by the Supreme Court inPulvermacher v. Pulvermacher, 166 Conn. 380 (1974). "The obligation of a husband to pay alimony ceases with the remarriage of the wife unless there is a showing of exceptional circumstances by the wife." Pulvermacher v. Pulvermacher, supra 384. The decree stated that the alimony "payments are to continue without any dimunition whether or not the defendant remarries." The defendant offered no evidence at the hearing on his motion for modification and made no claim of a change of circumstances other than to recite the plaintiff's remarriage. The modification was denied.Pulvermacher understood the requirement of a hearing prior to termination and cited Lasprogato v. Lasprogato, which so holds.
The nonmodifiability provision of the alimony modification statute has been discussed on a number of occasions.
 "C.G.S. § 46b-86 (a) clearly permits the trial court to make periodic awards of alimony nonmodifiable. Provisions for nonmodification are generally not favored, but to be upheld they must be clear and unambiguous. Calorossi v. Calorossi, 4 Conn. App. 165, 168, 493 A.2d 259 (1985); [Citation omitted.] . . .
C.G.S. Section 46b-86 (a) was in effect at the time of the December 2, 1994 decree. The decree in this case does not comply with the "clear and unambiguous" nonmodifiability standards.
The Appellate Court has approved court decrees awarding CT Page 2070 nonmodifiable alimony awards even in the absence of the agreement of the parties. "Since the court has the statutory right to award nonmodifiable alimony and the equitable power to meet the ends of justice — in this case, by ordering that alimony not be modifiable, even if the plaintiff remarries or cohabits — we cannot hold this order to be improper as a matter of law." Vandalv. Vandal, 31 Conn. App. 561, 565 (1993). . . .
In the instant case no such finding was contained in the decree nor could be discerned from the file. No transcript of the December 2, 1994 uncontested trial was presented to this court. Long term marriages, with large earnings and little assets are prime candidates for periodic alimony awards not terminating on remarriage.
After Vandal v. Vandal, trial courts have ordered periodic alimony to continue beyond the recipient's remarriage. Klittner v.Klittner, 1994 Ct. Sup. 116, January 5, 1994 (Leheny, J.) . . .
The plaintiff argues that the December 2, 1994 decree is clear and unambiguous. Therefore, alimony must not be discontinued because of the plaintiff's remarriage. The plaintiff did not argue as to whether or not the alimony would continue beyond the plaintiff's death or defendant's death. The defendant argues that the alimony award was unclear since the standard conditions of terminating upon the death of the wife, the death of the husband or the remarriage of the wife, whichever first occurs were not set forth.
The court notes the illogical position that would be taken if the plaintiff's arguments were followed. If no modification was ordered, alimony would continue. The defendant would then have the obligation to pay alimony not only to his remarried wife but to the estate of the ex-wife beyond her death. Furthermore, the defendant's estate would have the obligation to pay alimony until the death of the plaintiff.
Provisions of nonmodifiability are generally not favored. They are to be upheld only if they are clear and unambiguous. The court concludes that these provisions of nonmodifiability have not been clearly delineated in the December 2, 1994 decree.
The court further finds that remarriage of the recipient is a substantial change in circumstance. Cary v. Cary, supra 262. The financial circumstances that result from a remarriage may be considered on a motion for modification. Battersby v. Battersby,
supra 469; McGuiness v. McGuiness, supra 12. No financial CT Page 2071 affidavits were filed. The court therefore has insufficient information to determine to what extent, if any, the remarriage has impacted the parties' finances. Although the parties argued that the issue in this case is, whether or not the remarriage automatically terminated the alimony, the law is clear that the wife's remarriage does not automatically terminate a periodic alimony obligation. Lasprogato v. Lasprogato, supra 515-516.
Neither party requested that the trial judge articulate the reason for the decision. P.B. § 334A; P.B. § 4051. This is the standard remedy when the judgment is unclear and ambiguous. The defendant has waived the filing of a motion for articulation by submitting this matter to this court for decision. Equally so, the plaintiff has not raised any issue for articulation and thus waived articulation. . . .
This motion is to be reassigned for the parties to file financial affidavits and conduct an evidentiary hearing on the cohabitation issue (C.G.S. § 46b-86 (b)) and on the substantial change in circumstances issue (C.G.S. § 46b-86
(a)). . . .
Tierney, J.