[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 14, 1997
The plaintiff has filed a Motion to Dismiss the Defendant's Motion for Modification of Alimony. The Motion to Dismiss claims that pursuant to C.G.S. § 46b-86, the decree precludes alimony modification in a clear and unequivocal language, and, therefore, the court is deprived of subject matter jurisdiction. CT Page 12596
FACTS
The parties were married on November 4, 1945. A decree dissolving the marriage was entered by the Superior Court, J.D. Stamford/Norwalk on April 26, 1983. There are two orders set forth in the judgment file: the first, dissolving the marriage and the second, incorporating by reference the written Separation Agreement dated April 25, 1983. The second order reads as follows, "Ordered that the provisions of the April 25, 1983 Agreement executed by the parties be and the same hereby are incorporated herein by reference in accordance with the provisions of Connecticut General Statutes, Section 46b-66."
The defendant filed a Motion to Modify Alimony on April 25, 1997. That motion sought a termination of the periodic alimony payments pursuant to C.G.S. § 46b-86 (b), "as the plaintiff has cohabited with another person since the date of Judgment under circumstances which should result in the termination of alimony because those living arrangements caused such a change of circumstances as to have substantially altered her financial needs." He also sought a termination and/or a modification of the periodic alimony under C.G.S. § 46b-86 (a) based upon "a substantial change in the circumstances." The plaintiff filed an appearance by counsel of record along with a Motion to Dismiss dated May 30, 1997. The Motion claims, "At the time the Court entered a judgment dissolving the parties' marriage, the alimony order entered was made a nonmodifiable order of this Court."
Pursuant to Article V of the April 25, 1983 Separation Agreement the defendant agreed to pay to the wife the sum of $2,500 per month as alimony until her death, her remarriage, or a date certain. The date certain set forth in the agreement has not yet passed, the wife is alive and the wife has not remarried.
Article XII of the Separation Agreement entitled "Change in Circumstances" stated "Any modification of Article V is hereby precluded pursuant to Connecticut General Statutes, Section46b-86, if so ordered by the Connecticut Superior Court." The meaning and legal effect of Article XII is at issue between the parties.
The parties filed legal memoranda citing appellate court and unreported trial court decisions. Oral argument took place on August 4, 1997.
DISCUSSION OF LAW CT Page 12597
The plaintiff filed this Motion to Dismiss within 30 days of the filing of her appearance. Practice Book § 142. The Motion to Dismiss asserted lack of jurisdiction over the subject matter.Practice Book § 143 (1). A Motion to Dismiss shall be used to assert the lack of jurisdiction over the subject matter.Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,12 (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics,225 Conn. 305, 308 (1993). Every presumption favoring jurisdiction should be indulged. Connecticut Light Power v. Costle, 179 Conn. 415,421 (1980). "The Motion to Dismiss . . . admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227 (1983). A Motion to Dismiss must be decided on the pleadings as filed unless the parties request evidence. An evidentiary hearing may be held, at which time the evidence, plus the record, can support the actions taken by the court on a Motion to Dismiss. StandardTallow Corporation v. Jowdy, 190 Conn. 48, 54-55 (1983).
Although a Motion to Dismiss is found in the general Civil Cases chapter of the Practice Book, not in Chapter 17 devoted to Domestic Relations, a Motion to Dismiss attacking subject matter jurisdiction is proper in family cases. LaBow v. LaBow,171 Conn. 433, 440 (1976). Whether a trial court has authority or not to modify a periodic order by reason of preclusion language in the decree impacts subject matter jurisdiction. Amodio v. Amodio,45 Conn. 737, 740 (1997).
 General Statutes § 46b-86 (a) clearly permits the trial court to make periodic awards of alimony nonmodifiable. Provisions for nonmodification are generally not favored, but to be upheld they must be clear and unambiguous. Calorossi v. Calorossi, 4 Conn. App. 165, 168, 493 A.2d 259 (1985): Bronson v. Bronson, 1 Conn. App. 337, 379, 471 A.2d 977 (1984). If the decree is meant to be nonmodifiable, it must contain language to that effect. Cummock v. Cummock, 180 Conn. 218, 222-23, 429 A.2d 474 (1980); Lilley v. Lilley, 6 Conn. App. 253, 256, 504 A.2d 563 (1986). Burns v. Burns, 41 Conn. App. 716, 724 (1996).
The issue, therefore, whether or not the phrase, "if so ordered by the Connecticut Superior Court, "makes the preclusion clause set forth in Article XII of the April 25, 1983 Separation CT Page 12598 Agreement ambiguous. If that phrase is clear and unambiguous, there can be no alimony modification and the court lacks subject matter jurisdiction. The Motion to Dismiss must be granted. If that phrase is ambiguous, this court has subject matter jurisdiction. The Motion to Dismiss must be denied, and the Motion to Modify Alimony can be heard.
CONCLUSION OF LAW
C.G.S. § 46b-86 is the statutory authority for orders that preclude modification. "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . ."C.G.S. § 46-86 (a). This preclusion of modification authority was in effect on April 25, 1983. The statute clearly says that it must be "the decree" that precludes modification, not any other order of the Superior Court. The preclusion of modification therefore must be contained in the decree, and the language of the decree precluding modification must be clear and unambiguous.Eldridge v. Eldridge, 4 Conn. App. 489, 493-94 (1985).
"Provisions which preclude modification of alimony tend to be disfavored." Eldridge v. Eldridge, supra 493; Cummock v. Cummock,supra 222; Scoville v. Scoville, 179 Conn. 277, 279 (1979). "If a provision purportedly precluding modification is ambiguous, the order will held to be modifiable." Rau v. Rau, 37 Conn. App. 209,212 (1995); McGuinness v. McGuinness, 185 Conn. 7, 9 (1981);Scoville v. Scoville, supra 280. "Where a provision which precludes or restricts a later court's power to modify financial orders is clear and unambiguous, however, it will be upheld."Eldridge v. Eldridge, supra 493-494; Solo v. Solo,2 Conn. App. 290, 293 (1984).
The clear and unambiguous language has been applied in a preclusion of modification clause where a set of conditions or facts must occur before the modification can be filed. For example, a decree precluding modification until earnings reached a certain threshold is proper under C.G.S. § 46b-86b(a).Amodio v. Amodio, supra 740; Solo v. Solo, supra 291; Eldridge v.Eldridge, supra 491.
Cases that furnish examples of nonmodification language held CT Page 12599 ambiguous: Scoville v. Scoville, 179 Conn. 277, 280 (1979) ("The defendant shall pay the plaintiff alimony of $100.00 per week for a period of three years from the date of this memorandum. At the end of the three year period, the payment order of alimony shall terminate"): Easton v. Easton, 172 Conn. 451, 455 (1977) (The decree provided for alimony payments by the defendant to the plaintiff in the amount of $100 per month until May 31, 1974, at which time the alimony payments were to be reduced to $1 per year and then to terminate altogether on May 31, 1976): Lasprogato v.Lasprogato, 127 Conn. 510, 515 (1941). ("The Defendant will pay the Plaintiff Twenty-Five ($25.00) Dollars per week alimony for a period of six (6) years from the date of entry of decree"):Bronson v. Bronson, 1 Conn. App. 337, 338-339 (1984) ("This Agreement shall not be modified or annulled by the parties hereto except by written instrument executed in the same manner as this Agreement"): McGuinness v. McGuinness, 185 Conn. 7, 9 (1981) (Periodic alimony "to terminate upon the occurrence of the earliest of the following: the wife's death, her remarriage or the lapse of six years," did not prevent the court from extending alimony beyond the sixth year) Rau v. Rau,37 Conn. App. 209, 211, 213 (1995) ("Said order of periodic alimony is to terminate after the ninety-six (96) payments are made, " did not prevent the court from extending periodic alimony beyond the 96th payment): Lilley v. Lilley, 6 Conn. App. 253, 256 (1986) (Decree silent as to modification, thus, modification is not precluded).
Cases that furnish examples of nonmodification language held clear and unambiguous: Eldridge v. Eldridge, 4 Conn. App. 489,491, 494 (1985) ("however such employment shall not be considered a change of circumstances until her gross annual income from earnings shall exceed Twenty-Five Thousand Dollars"): Calorossiv. Calorossi, 4 Conn. App. 165, 166, 168 (1985) (Alimony modification not precluded based on the cohabitation statute, C.G.S. § 46b-86 (b), when the decree precluded modification only on the basis of increased salary, overtime or additional employment of either party).
The April 25, 1983 Separation Agreement is a contract between the parties. As a contract, it is not subject to modification by the court without the consent of the parties. Lasprogato v.Lasprogato, supra 513. The contract survives the decree, whether incorporated in the decree or not. It may be enforced by the parties in a separate contact action. Lasprogato v. Lasprogato,supra 514. The court has the statutory power to incorporate the terms and conditions of a written agreement by reference into the CT Page 12600 order or decree of the court. C.G.S. § 46-66. In order to do so the court must determine if the agreement is fair and equitable under all the circumstances and make such a finding on the record. Then the court must order that the written agreement become part of the court file and then incorporate it by reference into the order or decree of the court. This is the exact procedure the court used in entering the April 26, 1983 decree: "Ordered that the provisions of the April 25, 1983 Agreement executed by the parties be and the same hereby are incorporated herein by reference in accordance with the provision of Connecticut General Statutes Section 46b-66."
"Where an agreement is incorporated by reference in a dissolution decree rather than its terms being included in the decree itself, the decree should be construed by ascertaining the intent expressed in the language of the agreement." Bronson v.Bronson, supra 338, fn. 4; McDonnell v. McDonnell, 166 Conn. 146,150 (1974). Absent the agreement's incorporation into the decree, the agreement is not binding as an order of the court. "It is axiomatic that in a marital dissolution case a stipulation of the parties is not binding as an order of the court until it has been examined and approved by the court." Calorossi v. Calorossi, supra 168; Sands v. Sands, 188 Conn. 98, 102-103 (1982). Once the agreement has been incorporated by reference into the decree, the agreement becomes the decree. C.G.S. § 46b-66. It also retains its separate character as a contract between the parties.Lasprogato v. Lasprogato, supra 514.
Article XV of the Separation Agreement reflects this legal concept. "The parties hereto agree that this Agreement may be incorporated in full by reference or otherwise in divorce or dissolution of marriage proceedings and/or a decree of absolute divorce or dissolution of marriage by a court of competent jurisdiction, in the discretion of the court. This agreement shall not merge with any decree of any court affecting the parties hereto, but shall survive any such decree and remain in full force and effect."
In determining whether the alimony award is modifiable or non-modifiable, only the dissolution decree itself may be used.Lilley v. Lilley, supra 256: "We noted that the court 'may look only to the dissolution decree itself when determining whether its provision for periodic alimony is modifiable. In the absence of an express, unambiguous statement in the decree precluding modification, § 46b-86 (a) permits the modification of an CT Page 12601 order for periodic alimony . . ." Rau v. Rau, supra 212.
The defendant argues that the crossed-off portion of Article XII clearly shows the intent of the parties. The defendant argues that the portion of Article XII that remains is ambiguous, and, therefore, there is no need to analyze the agreement any further. The defendant further argues that the agreement is silent as to the preclusion of modification, and, therefore, that silence is ambiguous. Tremaine v. Tremaine, 235 Conn. 45, 55 (1995); Lilleyv. Lilley, supra 255-56.
This court has read Article XII, including the crossed-off portion. This court believes that it can determine nonmodifiablity based on the following language of Article XII: "Any modification of Article V is hereby precluded pursuant to Connecticut General Statutes Section 46b-86, if so ordered by the Connecticut Superior Court." The defendant claims that another order of the Superior Court, entered after the decree, is required to preclude modification. In 1983 the Superior Court was not authorized by statute to enter any order precluding modification unless that order was found in the decree. C.G.S.§ 46b-86(a). That statute still remains in effect and only at the time of the decree does the court have authority to preclude modification. The court, at the time of the decree, may do so by (1) written agreement of the parties, (2) oral stipulation of the parties or (3) the court's own decision without the parties' agreement. The court has the power under C.G.S. § 46b-86 (a) to order nonmodifiable alimony, even alimony continuing beyond the recipient's remarriage. Vandal v.Vandal, 31 Conn. App. 561, 565 (1993); Pulvermacher v.Pulvermacher, 166 Conn. 380, 385 (1974); Klittner v. Klittner,1994 Ct. Sup. 116, January 5, 1994 (Leheny, J.); Burns v. Burns,1994 Ct. Sup. 3085, 3090, March 22, 1994 (Leheny, J.); Gray v.Gray, 12 C.L.T. No. 3, p. 25, January 20, 1986 (Hennessy, J.);Jurzyk v. Osden, 5 CONN. L. RPTR. 470, 1992 Ct. Sup. 521, January 16, 1992 (Norko, J).
Therefore, the court knew on April 26, 1983 that no Superior Court judge had any power after the date of the decree to enter an order precluding modification. C.G.S. § 46b-86(c). The phrase, "if so ordered by the Connecticut Superior Court," would be meaningless unless the preclusion language was contained in the decree. The phrase, "if so ordered by the Connecticut Superior Court," means that if and when the court approved the Separation Agreement pursuant to C.G.S. § 46b-66 in its CT Page 12602 entirety, then that approval of the Separation Agreement would be the order of the Superior Court that would preclude modification. The court had the power to approve the Separation Agreement in its entirety, except for Article XII, and in that event, the decree would not preclude modification.
There is no ambiguity in the decree. It is clear that the court on April 26, 1983 approved the entire agreement and incorporated the entire agreement by reference in the decree including Article XII. The Superior Court on April 26, 1983 ordered nonmodifiable alimony. That order is clear and unambiguous. Burns v. Burns, supra 724; Amodio v. Amodio, supra
741; Tremaine v. Tremaine, supra 56 fn. 12.
ORDER
The court finds that Article XII of the April 25, 1983 Separation Agreement "Any modification of Article V is hereby precluded pursuant to Connecticut General Statutes Section46b-86, if so ordered by the Connecticut Superior Court" is clear and unambiguous. The court finds that on April 26, 1983 the court ordered that the April 25, 1983 Separation Agreement be incorporated in whole by reference in the decree. The court finds that the April 26, 1983 decree precludes modification of alimony. This order, contained in the decree, is clear and unambiguous.
This court is without subject matter jurisdiction to entertain the April 25, 1997 Motion to Modify Alimony. The Motion to Dismiss is granted. LaBow v. LaBow, supra 440; Amodio v.Amodio, supra 742.
TIERNEY, J.